State of Louisiana vs. De Serrant.

<hr>

### No. 8165.

THE STATE OF LOUISIANA vs. VICOMTE WALSH DE SERRANT.

33 979
48 654

33 979
106 458

It is enough that the minutes of the court show that the Information was filed with the consent of the court; it needs not appear on the face of the Information itself.

When the accused has not requested the court to assign Counsel to defend him, under the statute, he cannot complain that none was assigned to him, and make it the ground of a new trial.

APPEAL from the Criminal District Court for the parish of Orleans. *Luzenburg*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*H. N. Ogden*, by appointment of the Supreme Court, for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J.    The defendant was tried on an information against him for grand larceny, was convicted and sentenced to five years' imprisonment at hard labor in the State penitentiary, and has appealed from such sentence.

His counsel has filed in this Court an assignment of errors, upon which he relies for a reversal of the sentence.    The assignment is as follows :

1. That the information does not appear on its face to have been filed with leave of the court.

The information on the face of it shows and states : " That the District Attorney for the parish of .Orleans   *   *   *   *   in proper person comes into the Criminal District Court for the parish of Orleans, and gives the said court here to understand and be informed," &c. The information was, thereupon, filed, on the same day as presented, 10th January.

On the next day (11th) the following appears from the minutes ;

" Information for grand larceny having been filed in this case by the assistant district attorney *with the consent of the court*, and the said case having been apportioned by lot to section " B " of this court," &c. This was sufficient to show that it was filed with leave of the court.    It is not sacramental that this leave should appear *totidem verbis* on the face of the information itself.

2. " That said information does not charge any crime, as it fails to state that the articles charged to have been taken and carried away were so taken with the felonious intent to convert to his (the taker's) own use, and make them his own property, without the consent of the owner."

The information, after describing the property and setting forth the ownership thereof, proceeds to charge that the same " then and there being found, the defendant feloniously did take, steal and carry away, contrary to the form of the statute," &c.

This was sufficient, and the other averments mentioned in the assignment were wholly unnecessary. ,

3. The assignment further avers : " That the accused was a foreigner, unable to speak or understand the language in which his trial was conducted, and that the court below failed and neglected to provide counsel to assist in his defence ; that, therefore, he had no proper trial."

Upon this point, we find from the record that the accused at one stage of the proceedings was represented by counsel, and that the case was assigned for trial on a day stated, on motion of such counsel, though it does not appear he was defended by such counsel on the trial. It is, however, shown that, on the day fixed for trial, the accused an-

nounced himself ready ; that, when the information and plea were read, an interpreter was assigned to him, and that the witnesses called by the State were cross-examined by the accused. It does not appear that any request was made by the accused, of the court, for the appointment of counsel to him, and it is only upon such request that the judge is required to make the appointment. The statute on this subject (Sec. 992 R. S.) reads : " Every person shall be *allowed* to make his full defence by counsel learned in the law, and the court before whom he shall be tried shall immediately, *on his request,* assign to him such counsel as he shall desire."

We have closely scrutinized the proceedings pertaining to this prosecution, and we cannot find that a single right or privilege guaranteed to an accused by law was denied the defendant, but, on the contrary, that every means of defence in the power of the court was afforded him, and we find no error or irregularity in any part of the proceedings.

It is, therefore, ordered that the sentence and judgment appealed from be affirmed.