Statement.
MONROE, J.
Defendants were indicted on June 6, 1906, for rape, and on June 7th and 8th, respectively, counsel were appointed to-represent them. They were arraigned and pleaded to the indictment, and the trial was set for June 12th. On the day last mentioned, their counsel having applied for a continuance, the case was allowed to go over until the following day (June 13th), when a continuance was applied for by written and sworn application, setting forth that the case had been fixed for June 12th over the protest of the counsel; that only four days had been *951 allowed for preparation, one of which was Sunday and upon one of which counsel had been ill and unable to work; that counsel had been otherwise occupied, in trying civil cases, and had had no opportunity to consult with the accused or prepare their defense; that .Shelly Chitman had been under arrest for about six months; that Mary Chitman had been arrested and incarcerated on the day upon which she was arraigned; that neither defendant had the means or opportunity to employ counsel; that both are illiterate ignorant negroes, who do not appreciate the gravity of the charge against them; and that a trial, under the circumstances, would be an empty formality. The application was denied, on the grounds (as stated by the court) that it contains no allegation that the accused had not had time to get their witnesses or that any witness was absent, and that their counsel had had seven days within which to prepare their defense; but the court, nevertheness, allowed the case to go over until the following day (June 14th), to all of which ruling a bill of exception was taken and duly signed.
Upon June 14th, the case being called, the accused, through their counsel, stated that, for reasons assigned in their previous application, “and for additional reasons,” they were not ready for trial, and asked permission to renew their motion for continuance, which request was denied, and a bill reserved. This bill does not state what additional reasons were given, by the accused or their counsel, but contains a recital to the effect that the district attorney offered to admit what a certain witness would swear tO' if counsel • for the accused would submit a statement thereof, that counsel failed to submit such statement, and that the witness appeared before any other witness had been sworn, remained in the •courtroom during the trial, and was not called to testify.
The accused were convicted, and sentenced to imprisonment, at hard labor, for life. A motion for new trial w'as filed, alleging that the verdict was contrary to law, as charged to the jury by the court, and that the. evidence was insufficient, in certain particulars which are specified, and, to the overruling of this motion, a bill of exception was reserved in which the trial judge states that the verdict “was correct and in conformity to the law and the evidence.”
Opinion.
There was an interval of six clear days between June 7th, when counsel was assigned to the accused, and June 14th, when the case was finally called for trial, and we are not prepared to say that the trial judge abused the discretion vested in him in holding that the defense might have been prepared within that time, the more particularly as it is not suggested that the accused were unable to obtain their witnesses, and we are not informed in what respect they could have made a better defense had a new trial been granted. The allegations contained in the motion for new trial, that “the verdict is contrary to law and the evidence,” and that the facts were not sufficiently proved, present nothing upon which the court can act.
Judgment affirmed.