## JAMES v. STATE

(No. 1028; Decided April 14, 1921; 196 Pac. 1045)

INDICTMENT AND INFORMATION—PRELIMINARY EXAMINATION—CRIMINAL LAW—RIGHT OF DEFENSE—WITHDRAWAL AND SUBSTITUTION OF PLEAS—TAKING OF PLEAS WITHOUT COUNSEL—CONTINUANCE—HOMICIDE—INSTRUCTIONS.

1. In a prosecution for murder, the question whether the case was one where preliminary examination should have been held, and, if so, whether as a matter of fact such exam-

ination was held or waived, should have been raised in the trial court by motion to quash or plea in abatement; and, not having been so raised, the right to have the question passed on was waived by plea of not guilty.

2.  The right or privilege to defend by counsel as guaranteed by Const. art. 1, § 10, may be waived or renounced, and it is not denied by a mere failure to assign counsel; there being no invasion of it disclosed, unless it appears by the record that a request for assignment of counsel was denied by the court.

3.  The practice of withdrawal and substitution of pleas in criminal proceedings is of long standing, and is common in the district courts of the state.

4.  In a prosecution for murder, no right of defendant was prejudiced by taking his plea of not guilty at the time of arraignment when he was not represented by counsel, in view of the fact that at the time he did not place himself within the provisions of Comp. St. 1920, § 7480, providing counsel shall be assigned before arraignment in a proper case, and by his plea defendant waived all objections which should have been raised by motion to quash or plea in abatement.

5.  The Supreme Court cannot hold that the trial court erred in denying motion for continuance on the ground counsel appointed for defendant had not had time to investigate and prepare the case for trial, unless it appears that such action constituted an abuse of the trial court's discretion.

6.  In prosecution for murder, where all persons having any knowledge of the facts material to the case were present as witnesses on trial, and no suggestion is made of any additional evidence that could have been procured by continuance, denial thereof, when asked on the ground that defendant's counsel had not had time to investigate and prepare the case for trial after 'appointment, was not an abuse of the trial court's discretion.

7.  In a prosecution for murder, instruction that, if defendant fired a shot intending to kill one woman, and, missing her, killed another, he was guilty or innocent of the offense charged the same as if the fatal shot had killed the person for whom it was designed, held erroneous, as not conformable to the theory either of the state, alleging intent to kill the woman killed, or of defendant,

claiming no intent, but accidental homicide, and not based on the facts proved.

8. Instructions in criminal as well as in civil cases should be confined to the issues which the parties have made and elected to try.

ERROR to the District Court, Sweetwater County, HON. JOHN R. ARNOLD, Judge.

Frank James was convicted of murder in the first degree, and he brings error. The material facts are stated in the opinion.

*Brown & De Nise,* and *Mentzer & Wilcox,* for Plaintiff in Error.

Defendant was convicted of murder in the first degree and sentenced to suffer death; he was deprived of his constitutional rights to a fair and impartial trial and the cause should be reversed. (Parker v. State, 24 Wyo. 500.) This rule was held to apply even though exceptions were not taken to all errors committed at the trial. There was insufficient time allowed counsel appointed to conduct the defense within which to prepare for the trial. The testimony showed that defendant had quarreled with the Newman woman who left defendant's house and had entered an adjoining house occupied by Lena Posey, who thereafter came to defendant's house and abused him. It all resulted in defendant going to the house occupied by the Posey woman and there a struggle ensued in which a gun was discharged, which resulted in killing the Posey woman. Defendant thereupon surrendered to the authorities. Counsel was appointed for defendant at the trial, whereupon it was found that he had been arraigned without the advice of counsel. Defendant should have been given a preliminary examination. The strange feature of the case was that defendant apparently of his own volition, filed a charge against himself with Jake McDonald, Justice of the Peace for killing his sister-in-law Mrs. William Posey, and certain findings were made thereon

by the Justice, but this did not constitute a preliminary
hearing, and such hearing should have been had before
information was filed. (6134 Comp. Stats. 1910; 8 R. C.
L. 66; Latimer v. State, 76 N. W. 207.) A preliminary
hearing when required by law is jurisdictional. (Stewart
v. People, 3 N. W. 863; O'Hara v. People, 3 N. W. 161;
People v. Evans, 40 N. W. 473; People v. Wright, 50 N. W.
792; 12 Cyc. P. P. 305.) This court has held that a pre-
liminary hearing is necessary, in re Wright, 3 Wyo. 478;
State v. Sureties Khrone, 4 Wyo. 347; State v. Bolter, 5
Wyo. 236; Ackerman v. State, 7 Wyo. 504. Of course the
right may be waived by plea of not guilty (McGinnis v.
State), supra, but in the present case defendant was com-
pelled to plead without the assistance of counsel, hence
there was no waiver of his rights. (6183-85 Comp. Stats.
1910.) One accused of crime waives all defects in the in-
formation by demurring or pleading not guilty. 6190
Comp. Stats. 1910, but 6184 Comp. Stats. gives the ac-
cused a reasonable time to prepare exceptions to the in-
formation and this was denied defendant in the present
case; it was error to compel him to plead without the
advice of counsel and where counsel is appointed they
should be accorded sufficient time to prepare the defense.
It is a constitutional right to defend in person and by
counsel. Defendant was entitled to consultations with
counsel. (State v. Davis, 130 Pac. 962.) To deny de-
fendant the benefit of counsel and sufficient time to pre-
pare his defense is reversable error. (Baker v. State, 130
Pac. 820; State v. Moore, 60 Pac. 748.) Defendant's mo-
tion for a continuance should have been granted in order
to give his counsel reasonable time to investigate the case
and prepare for trial, and counsel so appointed should not
be expected to drop all other business in order to give at-
tention to the case for which appointed. (State v. Collins,
81 Am. St. Rep. 152.) Upon the whole record, the de-
fendant was prejudiced in the denial of his motion for a

continuance as is shown by the affidavits filed in support thereof. (6 R. C. L. 548; 9 Cyc. 168.) The charge was for a capital offense and every reasonable consideration should be given to a defendant under the circumstances. The case of State v. Collins, supra, is so similar upon the facts that we quote from it at length. Instruction No. 9 given by the court was prejudicial to defendant under the evidence. It in substance charged the jury that where a person, in an attempt to kill one person, accidently kills another, the law transfers the intent of the act to such person so killed, and a homicide thus committed will be of the grade and degree that it would have been had the intent of the assailant been accomplished. The evidence shows that defendant did not and could not fire a shot intending to kill Lizzie Newman since she was in a position where he could neither see her nor shoot her. The shooting was unintentional and accidental and did not constitute first degree murder. Instruction No. 1 given by the court was prejudicial; it is necessary to prove something more than that defendant had a criminal agency in the killing.

*W. L. Walls,* Attorney General, and *Vincent Carter,* Deputy Attorney General, for Defendant in Error.

Errors mentioned in the motion for new trial but not referred to in the brief of plaintiff in error are waived. (Boswold v. Bliler, 9 Wyo. 277; Reardon v. Horton, 16 Wyo. 363; Syndicate Imp. Co. v. Bradley, 6 Wyo. 171.) Preliminary hearings are for the benefit of the accused in order that he may know as promptly as possible, with what crime he has been accused; defendant did not demand a preliminary hearing; he understood the information and entered a plea of not guilty. The absence of a preliminary hearing was waived by his plea of not guilty. State v. Davis, as cited in support of defendant's contention that he was prejudiced in being deprived of counsel, is quite different on the fact from the case at bar, for the

reason that the sheriff prevented counsel appointed from interviewing defendant. Baker v. State, supra, is a case where the person appointed to conduct the defense was not a practising attorney. State v. Moore was one wherein counsel appointed was mislead as to date of trial. Defendant must request the appointment of counsel. (Wharton, Crim. P. & P., 9 Ed. 558.) Right to counsel is not a mere privilege and unless counsel be requested, defendant cannot complain. (Barnes v. Com., 92 Va. 794; Schlinger v. People, 102 Ill. 241.) The denial of defendant's motion for a continuance was perhaps erroneous and from our conception we must ask the court to reverse and annul the judgment, set aside the verdict and order a new trial. Instruction No. 9 does not contain a correct definition of the law governing in cases where a fatal shot was fired wilfully and with malice for the purpose of killing another. There is no evidence showing an intent to kill Lizzie Newman. The case was prosecuted on the theory of intent to kill Lena Posey. We therefore concede that the point made in the brief of plaintiff in error as against the instruction and cause is meritorious, and that defendant was not given a fair trial in keeping with the guarantee that the constitution of the United States provides. The essentials of murder in the first degree are lacking.

Kimball, J.

The plaintiff in error, a negro, to whom we shall hereinafter refer as defendant, was convicted by an unqualified verdict of the crime of murder in the first degree, and sentenced to suffer death.

The attorney-general, on behalf of the state, concedes error upon the point which controls our disposition of the case, but we have deemed it proper to give full consideration to the questions which are raised.

It is contended that the information was invalid, and the court without jurisdiction to hear the case on its merits, because no preliminary examination was had or

waived. The question whether this was a case where an examination should have been held, and if so, whether, as a matter of fact, such examination was held or waived, should have been raised in the trial court by motion to quash or plea in abatement, and not having been so raised, the right to have such question passed upon was waived by the plea of not guilty. (Hollibaugh v. Hehn, 13 Wyo. 269, 79 Pac. 1044; McGinnis v. State, 16 Wyo. 72, 91 Pac. 936.) However, it is argued that the plea of not guilty should not be considered, in this case, to have waived any right, for the reasons supporting the next allegation of error, which is:

That counsel for defendant should have been appointed, and additional time given them to examine the information and investigate the case, before taking defendant's. plea. The defendant was not represented by counsel at the time of his arraignment, when he plead not guilty, but there is nothing in the record to show that it appeared then that he was unable to employ counsel, or that he requested that the court assign him counsel. (See § 7480, Wyo. Comp. Stat. 1920.) The right, or privilege, to defend by counsel, as guaranteed by Sec. 10 of Art. 1 of our constitution, may be waived or renounced, and it is not denied by a mere failure to assign counsel. There is no invasion of it disclosed, unless it appear by the record that a request for assignment of counsel was denied by the court. (State v. Raney, 63 N. J. L. 363, 43 Atl. 677; State v. Yoes, 67 W. Va. 546, 68 S. E. 181, 140 A. S. R. 978; Barnes v. Com. 92 Va. 794, 23 S. E. 784; Korf v. Jasper Co., 132 Ia. 682, 108 N. W. 1031; State v. DeSerrant, 33 La. Ann. 979; 8 R. C. L. pp. 83, 84.)

We do not underestimate the importance to a defendant of the right to advice of counsel at the arraignment, which is an important step in the prosecution. (State v. Moore, 61 Kans. 732, 60 Pac. 748; Batchelor v. State, ———— Ind. ————; 125 N. E. 773.) The importance of the right is.

recognized by the statute cited above, which provides that counsel shall be assigned before arraignment in a proper case. This defendant did not at that time place himself within the provisions of that statute, and the presumption is that the trial court took every care to see that his failure then to ask that counsel be assigned to him was not the result of his ignorance of the right. Three days after the arraignment, and seven days before the commencement of the trial, the defendant was again brought into court and there were then assigned as his counsel two experienced attorneys by whom he has since been ably represented. After such appointment, there was ample time, if it had been deemed important, to request leave of court to withdraw the plea of not guilty, in order to substitute for it any other plea. The practice of withdrawal and substitution of pleas in criminal proceedings is of long standing (2 Bish. Crim. Proc. § 747), and is common in the district courts of this state. As stated in Wickwire v. State, 19 Conn. 477, 487: ''It is always competent for the court, in its discretion, to relieve the defendant, by permitting him to withdraw the plea which he has entered, and interpose one of a prior class—a discretion not unfrequently exercised, and which, it is presumable, will always be exercised properly.''

We have no doubt that a seasonable request for leave to withdraw the plea of not guilty would have been granted by the trial court. No such request was made, and neither the right to a preliminary examination, nor the right to counsel before arraignment, was in any manner called to the attention of the court before trial, except by their mention in a motion for a continuance, presented when the case was called for trial. It is not now claimed that they were proper grounds for continuance.

We are therefore of opinion that no right of the defendant was prejudiced by the taking of the plea of not guilty, and that by such plea the defendant waived all

objections which should have been raised by motion to quash or plea in abatement.

It is also contended that the court should have granted a continuance upon the ground, stated in the motion therefor, that the defendant's counsel had not had time to investigate and prepare the case for trial. Counsel were appointed March 4, and received notice thereof late in the afternoon of that day. On the same day the case was set for trial March 9. Because the court was engaged in other business on March 9 and 10, the trial of this case was not actually begun until March 11, when the motion for a continuance was presented. It must be admitted that, considering the seriousness of the charge, the time for preparation was short, but whether too short the trial court was much better able to judge than are we, and we cannot hold that there was error in denying the motion unless it appear that such action constituted an abuse of discretion. (Robinson v. State, 18 Wyo. 216, 106 Pac. 24.) From the later events of the prosecution, it appears that all persons having any knowledge of facts material to the case were present as witnesses at the trial, and no suggestion is made of any additional evidence that could have been procured, or any reason why a better defense could have been made, if the case had been continued. (See State v. Chitman, 117 La. 950, 42 So. 437.) We would not be inclined on this ground alone to disturb the judgment in this case.

The last claim of error is based upon the giving of instruction No. 9, as follows:

"You are instructed, that where a person in an attempt to kill one, accidentally kills another, the law transfers the intent of the act to such person so killed, and a homicide thus committed will be of the grade and degree that it would have been had the intentions of the assailant been accomplished; in other words, if the defendant, Frank James, fired a shot intending to kill one Lizzie Newman,

and missing her, killed the deceased, Lena Posey, the defendant is guilty or innocent of the offense charged, the same as if the fatal shot had killed the person for whom it was designed.''

It is conceded that this instruction was not conformable to the theory of either the state or the defendant, and not based upon the facts proved. It was the state's theory that defendant fired the shot with the intention to do just what he did, that is, to kill Lena Posey. It was the defendant's theory that the shooting was accidental, with no intention at all. There was but one shot, and there was no evidence that it was fired at Lizzie Newman, or that Lizzie Newman could have been seen by defendant at that time. It was proved that defendant, after the shooting, said that he had ''killed the wrong woman''; but in the light of all the other evidence, this remark did not justify an inference that when he fired the shot he intended to kill the other woman.

It is error to give an instruction which, though abstractly correct, is not based on the evidence. (14 R. C. L., p. 786.) It is true that the error may not always be harmful, but in this case, if the instruction in question was considered by the jury at all, as we must presume it was, the result was probably prejudicial. It is clear that the jury did not believe the testimony of the defendant that the gun was fired unintentionally, and thereupon the next question for their decision was whether or not the killing was done with premeditated malice. The evidence descriptive of the previous relations of the parties made a much stronger showing of malice on the part of defendant toward Lizzie Newman than toward Lena Posey, whom he killed, and therefore it would seem that the jury were much more likely to find that the fatal act was done with premeditation, if directed toward the former than if directed toward the latter. In such circumstances an instruction from the court indicating that there was evi-

dence from which they might find that the homicide was the result of an attempt to kill Lizzie Newman may have been the important consideration in determining adversely to defendant the question of the presence or absence of premeditated malice.

Instructions in criminal as well as in civil cases should be confined to the issues which the parties have made and elected to try. (14 R. C. L. 784-785; 16 C. J. 1041-1046.) As already suggested, the defendant had no notice either from the opening statement on behalf of the prosecution, or from any evidence in the case, that any claim was or would be made that he killed Lena Posey in an attempt to kill Lizzie Newman. That question was not in issue. If such issue had appeared we cannot say that defendant would not have desired then to offer upon that point additional evidence which may have been available and relevant, but which did not seem important to the case as it was actually disclosed.

For error in giving the instruction mentioned the judgment will be reversed; it will be so ordered, and the case remanded for a new trial.

POTTER, C. J., and BLYDENBURGH, J., concur.