LAND, J.
 

 (dissenting). The contention in this case that counsel did not have sufficient time in which to prepare for the trial of the accused is shown to be without merit, by the following statement of the trial judge appearing in the per curiam to the bill reserved:
 

 “They (counsel) did not suggest to the court, nor do they set out in the affidavits which they have filed and which are attached hereto, just why they could not get ready — that is, just what there was to do that tjhey-could not do in the time allotted.
 

 “As to the law involved, no complicated questions arose — counsel did not suggest to the court that they did not have time to familiarize themselves with the law applicable. They are both experienced, able lawyers, and the court was not informed that they needed more time in which to look up the law.
 

 “It is not suggested, nor is it set out in the affidavits attached, that they could not get in touch with all the witnesses named' by theii; clients. Mr. Smith, in his affidavit, sets out that he spent some time Friday “searching” and “hunting” for witnesses, but it has not been claimed that he did not find all the witnesses wanted; so far as the court was informed all the witnesses were summoned, and they all answered when called on Monday morn- ’ ing, except two, one of whom was out of the state, and one out of the parish. No delay was asked on account of his absence. After all of defendants’ witnesses appeared, the court' recessed from 3:30 to 7:30, so that counsel could have access to the witnesses, as is set out on the minutes, the court’s ruling being, copied therein.
 

 “The defense in this case*was an alibi. Nu-' merous witnesses testified that both defendants were elsewhere when deceased was killed. Evidently the jury did not believe them. After hearing the case, I am thoroughly satisfied that counsel had all the time necessary.”
 

 At 3:30 p. m., on the day of the trial, 30 witnesses out of the 32 summoned answered present, and counsel were given 4 hours to examine them, the trial of the case being, postponed until 7:30 p. m.
 

 It appears from the per curiam to this bill that all of the witnesses for defendants-lived in the parish of Ouachita, arid were easily accessible. On September 9th the case' was fixed for trial for September 15th, a delay of six days, for the summoning and interviewing of witnesses.
 

 No motion for continuance was asked on' the trial of the case because of the absence of any material witness. The setting aside’ of the conviction and sentence-in this casé,
 
 *989
 
 ■under the facts disclosed by the record, is, in my opinion, clearly erroneous.
 

 What constitutes a reasonable time within which to present a defense is a matter left to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal, unless manifestly prejudicial. State v. Eaton, 144 La. 582, 80 So. 884; State v. Murry, 136 La. 255, 66 So. 963; State v. Jack, 139 La. 885, 72 So. 429.
 

 In State v. Chitman, 117 La. 950, 42 So. 437, the court said;
 

 “There was an interval of six clear days between June 7th, when counsel was assigned to the accused, and June 14th, when the case was finally called for trial, and we are not prepared to say that the trial judge abused the discretion vested in him in holding that the defense miglrt have been prepared within that time, the more particularly as it is not suggested that the accused were unable to obtain their witnesses, and we are not informed in what respect they could have made a better defense had a new trial been granted.”
 

 Without ignoring absolutely the statement of the trial judge in this case, I do not find it possible to hold otherwise than that his ruling was correct.
 

 2. The confession of the defendant Hays was written on a typewriter and signed by him, and was read to him before being signed. The defendant himself does not claim that any force, violence, promise, or “third degree” methods were used to extort or induce the confession. He merely testifies that he made the confession because he “was mad” and “wanted to get shet of them two sheriffs.” ,
 

 The confession was made in the presence of the sheriff and his deputy in the office of the city judge of Monroe, La., and later on was repeated in the presence of these officers and two other persons, one of whom reduced the confession to a typewritten statement.
 

 • There is not a line of testimony in.,the record to show any duress, “sweat box'” methods, or promises of any kind to compel the confession made by defendant.
 

 The convincing and unanswerable reason why the confession is to be taken as free and voluntary in this case is, that it is stated to be so in the affidavit to the typewritten statement, which was read to the defendant Hays before being signed by him, and, in addition to this, defendant was asked if his statements were free and voluntary before ■ he signed the affidavit, and he answered affirmatively.
 

 Defendant does not pretend that he was forced into signing this affidavit; on the contrary, he admits, and the officers testify, that there was no. duress of any kind used to induce the confession.
 

 The mere testimony of the accused, uncorroborated, that he made the confession, because he “was mad” and “decided to answer any kind of question they asked Yes or No or anything” is evidently entitled to no weight, in the face of the overwhelming evidence in this ease that the confession was freely and voluntarily made.
 

 A confession is free and voluntary, where the mind or will of the accused is not forced, as in duress, to the making of any particular statement.
 

 It was held in State v. Doyle, 146 La. 973, 84 So. 315, that the underlying and fundamental principle which is to be applied in excluding confessions is that, under certain circumstances, they may be untrustworthy as evidence, and the proper inquiry in such ease is; Was the inducement such as that there was any fair risk of false confession? Wigmore on Evidence, vol. 1, par. 822, p. 932.
 

 If we are to disregard the testimony of all of the witnesses in this case, and to ignore all of the circumstances under which the confession was made, and accept the uncorroborated testimony of the accused, which is not sufficient even if true to- exclude the confession, then it is clear that all that is
 
 *991
 
 necessary in any case is for the defendant to taire the witness stand and, testify that the confession was forced, either by effect on body or mind, and this will be sufficient ground for excluding the confession as not freely and voluntarily made.
 

 Such a rule, if adopted, will abolish entirely confessions made by accused persons in criminal cases as evidence in such cases, and society will be left in many cases at the mercy of the criminal classes.
 

 The provision contained in the present Constitution that, “No person under arrest shall be subjected to treatment designed by effect on body or mind to-compel confession of crime” necessarily applies to all kind of confessions, whether obtained by threats, violence, or “third degree” methods.
 

 This provision, however, was not intended to change the law of evidence on the subject of the admissibility of confessions, for the plain reason that the Constitution of 1921 expressly states in connection with the clause above cited, “nor shall any confession be used against any person accused of crime unless freely and voluntarily made.” This has always been the law of this state. Nor does the provision in our Constitution that “no person shall be compelled to give evidence against himself in any criminal case, or in any proceeding that may subject him to criminal prosecution” effect any change in the law of evidence as to the admissibility of confessions, as was expressly decided by this court in State v. Doyle, 146 La. 973, 84 So. 315.
 

 As was said by Mr. Justice Provosty, as the organ of the court, in the Doyle Case:
 

 “Now, as before, the admissibility of a confession depends upon whether it was voluntary; and the question of under what circumstances a confession is to be regarded as having been voluntary is precisely the same now as it has ever been. To contend the contrary is simply to lose sight of what is contained in all the law books upon the subject of evidence in criminal cases.
 

 “In those books, and in our own jurisprudence, the point is firmly settled that the fact that the confession was made while under arrest and in answer to questions propounded by a police officer does not render it inadmissible, so long as it was voluntary, as voluntariness is understood in the law of evidence. 16 Corpus Juris, 719; 1 R. C. L. 566; IS L. R. A. (N. S.) 801; Underhill, Crim. Ev. 174; State v. Mulholland, 16 La. Ann. 376; State v. Hogan, 117 La. 866, 42 So. 352; State v. Berry, 50 La. Ann. 1309, 24 So. 329; State v. Howard, 127 La. 435, 53 So. 677; State v. Rugero, 117 La. 1040, 42 So. 495.
 

 “In State v. Canton, 131 La. 255, 59 So. 202, and State v. Besancon, 128 La. 85, 54 So. 480, the interrogation was by the district attorney, an officer of much greater authority than a policeman or chief of police. In fact, the very ease so largely relied upon by the defense, Bram v. U. S., 168 U. S. 532, 18 S. Ct. 183, 42 L. Ed. 568, has as one of its syllabi the following: ‘The mere fact that a confession is made to a police officer while the accused is under arrest, in or out of prison, or is drawn out by his questions, does not necessarily render the confession involuntary.’ ”
 

 I am, therefore, of the opinion that the confession made by the 'defendant Hays in this case was free and voluntary, and that said confession was properly admitted in evidence by the trial judge.
 

 3. The defendant Roberson moved for a severance, averring “that his defense will be directly opposite and opposed to and antagonistic to the defense made by the said Luther Hays.” Defendant also alleged in said motion ‘“that he understands that.the state of Louisiana upon the trial will attempt to prove an alleged confession made by Luther Hays, indicted jointly with respondent, and charged in the said indictment with the crime of murder.”
 

 In the per curiam to this bill the trial judge assigns the following reasons for overruling the motion for severance:
 

 “It is not set out in what way the defense of Roberson is antagonistic to that of Hays. The court at the time informed counsel tliat the alleged confession of Hays would not be admitted as evidence against Roberson. Hays’ confession was admitted, and the jury was
 
 *993
 
 then instructed, at the time it was admitted, that it was evidence only against Hays, and in the court’s final charge the jury was especially instructed that the confession was binding and was evidence only against him who made it. No injury resulted to Roberson. His defense and that of Hays was identical, an alibi.”
 

 The argument that the motion for severance in this case is defective, because counsel for defendants were not allowed sufficient time within which to prepare the case, is thus exploded. The defenses were identical, an alibi, and were not antagonistic at all, and for this reason, and for this reason alone, it could not be set out in the motion for severance in what way the defense of Roberson was antagonistic to the defense of Hays.
 

 This is not a ease where the confession of each defendant incriminates the other, and such confessions were designed to be used in evidence. Hays, alone, had confessed out of the presence of Roberson. Nor was the sole question in this case as to which of the two defendants committed the crime, as the only ground of objection to the admission of the confession of Hays was that it implicated Roberson, both being jointly indicted for the murder of the same person. There was no antagonism in fact between the defense of Roberson and the defense of Hays, each declaring that he was not guilty, because he was not present at the time and place of the commission of the homicide. The antagonism ought to appear when severance is applied for.
 

 4. An indictment jointly charging several persons with murder necessarily involves conspiracy, and proof of conspiracy can therefore be admitted without a formal allegation thereof. Marr’s Crim. Juris. (2d Ed.) p. 849 (i).
 

 In cases of conspiracy there can be no severance, and in such cases it has been uniformly held by this court that the confession of one of the conspirators, after the consummation of the common design, is admissible only as against the person making it, and that a codefendant is not prejudiced thereby, where the trial judge so instructs the jury. Marr’s Crim. Juris., vol. 11, p. 849 (J).
 

 This was done in the present case, and I fail to see any prejudice to the defendant Roberson, to the admission of the confession of his codefendant and coconspirator, Hays.
 

 Eor these reasons, I am of opinion that the conviction and sentence should be affirmed. I therefore dissent from the opinion of the majority of the court.