(106 So. 656)

No. 27293.

## STATE v. BERNARD.

(Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⚖═522(1)—Accused's statements held inadmissible as voluntary confession.**

Language and conduct of arresting officers, considering situation and character of defendant, an ignorant country negro, and circumstance under which he was called on to disclose what he knew about offense of larceny of a hog, *held*, in view of Const. art. 1, § 11, to be such treatment designed by effect on body and mind to compel confession, and statements so obtained were not admissible as voluntary confession.

**2. Larceny ⚖═28(1)—Indictment held sufficient.**

Indictment for larceny of a hog, setting forth the property, by whom it was owned, that defendants did steal, take, and carry it away with intention to convert it to their own use and benefit, *held* sufficient.

Appeal from Fifteenth Judicial District Court, Parish of Lafayette; W. W. Bailey, Judge.

Maurice Bernard was convicted of larceny of a hog, and he appeals. Verdict and sentence set aside, and case remanded for new trial.

John L. Kennedy, of Lafayette, and Waldo H. Dugas, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., James A. Gremillion, Dist. Atty., of Crowley, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J. [1] Defendant appeals from a conviction and sentence for the larceny of a hog. There are three bills of exception in the record. The first is to the admission in evidence of an alleged voluntary confession. This so-called confession consists of certain incriminatory statements made by the defendant to two deputy sheriffs who arrested him and had him in their custody. In order to lay the basis for the admission of the confession, testimony as to its voluntary character was first offered, consisting of the deposition of the two officers and of the defendant. This testimony was reduced to writing and is annexed to the bill of exceptions as part thereof.

The trial judge ruled that the statements were freely and voluntarily made, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises.

The defendant, an ignorant country negro, testified that on the occasion of his arrest by the deputy sheriffs, Stutes and Doucet, the former accused him of stealing the hog, and advanced on him in a threatening manner as though he intended to strike him, saying, "Nigger, why don't you say you killed that hog? It would be through quicker"; that the officer spoke in a "bad voice" and with a "bad face"; that the actions of Deputy Stutes and the way he had spoken frightened defendant, and caused him to make the statements.

The testimony of the officers is that, while their manner was grave and serious, they did not offer any inducement nor make any show of violence towards the defendant as would tend to influence or intimidate him.

Their testimony, however, is, in many respects, inconsistent and contradictory. We think it substantially shows that both officers accused the defendant with lying; that they handled him roughly; that they employed a threatening manner, and held out the hope of a lighter punishment in order to induce him to confess to the crime. In the cross-examination of Deputy Stutes appears the following, viz.:

"Q. Did you not tell the defendant, Maurice Bernard, that it would be better for him, and that he had better confess?
"A. I don't remember."

The court then asked the witness to state, if he could, whether this conversation had taken place or not. The examination was then continued as follows, viz.:

"A. I told him if he had stolen the hog it would be better for him to say yes if it was him that had stolen the hog; that it would be better for him to say that.
"Q. What did you mean by that—why should it be better for him?
"A. I don't know; just to make him confess."

Again, the same witness said:

"I asked him to confess if he had stolen the hog, because it would have been lighter for him, better for him."

In State v. Auguste, 50 La. Ann. at page 491, 23 So. 612, 613, this court said:

" 'The rule of law,' says Greenleaf on Evidence, § 219, * * * 'demands that the confession shall have been made voluntarily, without the appliances of hope or fear by any other person.' And whether it was so made or not is to be determined upon consideration of the age, situation and character of the person and the circumstances under which it was made. It must not be obtained by the exertion of any improper influence." Authorities cited.

The language and conduct of the officers, considering the situation and character of the defendant, and the circumstances under which the defendant was called upon to disclose what he knew about the offense, must be held to be such "treatment designed by effect on body and mind to compel a confession of crime." The statements so obtained should not have been admitted against defendant on his trial. Const. art. 1, § 2; State v. Roberson, 157 La. 974, 103 So. 283.

[2] The second and third bills of exception involve the same issue. The contention is that the indictment is fatally defective, in that the defendant is not charged with intent to deprive the owner of the property itself, but to deprive him of the ownership of the property, which does not constitute the offense of larceny. The charge in the indictment reads as follows, viz.:

"That one Maurice Bernard, one Belasaire George, one Cesaire Martin, and one Wilton George, at the parish of Lafayette, La., on or about the 1st day of December, 1924, did unlawfully and feloniously take, steal, and carry away one certain hog, of the property, goods, and chattels of one Alphe Delcambre, with the felonious intent to deprive said owner of the ownership thereof, and to convert the same unto theirs, the takers', own use and benefit."

The indictment sets forth the property, and by whom it was owned, and that the defendants did steal, take, and carry away the said property with the intention to convert it to their own use and benefit. We think this is sufficient. State v. Sims, 106 La. 458, 30 So. 71; State v. De Serrant, 33 La. Ann. 980.

For the reasons assigned in our discussion of bill of exception No. 1, the verdict and sentence appealed from are set aside, and this case is remanded to the district court for a new trial.