Annie Mae **JACKSON**, as Guardian of the Person and of the Estate of Gloria D. Mathis, and Gloria D. Mathis, individually, and United States of America, Appellants,

v.

**Raymond Richard NELSON, Appellee.**

**No. 9161.**

United States Court of Appeals
Tenth Circuit.

Sept. 20, 1967.

Mary C. Walters, Albuquerque, N. M. (of Toulouse, Ruud, Gallagher & Walters and John Quinn, U. S. Dist. Atty., Albuquerque, New Mexico, on brief), for appellants.

Eugene E. Klecan, Albuquerque, N. M., for appellee.

Before MURRAH, Chief Judge, BROWN * and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

In this tort action appellant Jackson is the guardian of the person and estate of her daughter, appellant Gloria D. Mathis, a pedestrian injured in a roadside accident. Appellee is the owner and driver of the motor vehicle which struck and seriously injured Miss Mathis as she stood or walked on the roadside of an interstate highway in New Mexico. A

* Of the Fifth Circuit, sitting by designation.

jury found against the appellants and the judgment dismissed the claim.

The issues presented on appeal are: (1) Should the court have instructed on last clear chance? (2) Should the court have instructed on the headlamp intensity statute? (3) Was the instruction on the pedestrian duty statute proper? (4) Did the court erroneously strike rebuttal testimony of an accident reconstruction expert offered to impeach appellee's testimony relating to locked brakes?

We have read the instructions and conclude the theories of both litigants were presented to the jury for its deliberation.

The objections to, and offers of, instructions are not considered in depth because Rule 51, Fed.R.Civ.P. has not been complied with. "[O]bjections and exceptions made prior to the giving of Instructions do not conform with Rule 51." Smith v. Greyhound Lines, Inc., 382 F.2d 190 (10th Cir. 1967); Chiodo v. General Waterworks Co., 380 F.2d 860 (10th Cir. 1967); Dunn v. St. Louis-San Francisco Railway Co., 370 F.2d 681 (10th Cir. 1966).

Appellee testified that he first saw Miss Mathis when she was twenty or thirty feet from his moving vehicle, whereupon he immediately locked his brakes until his vehicle stopped.

Appellants produced an accident reconstruction expert in rebuttal to testify that if the brakes were locked, appellee would have skidded in a straight line and could not have turned. The evidence showed 113 feet of continuous skidmarks which were not in a straight line. The expert, in answer to the court's inquiry, "Were you assuming there are continuous skidmarks there?" answered, "No." The court concluded the expert's opinion was not based upon the uncontroverted facts and, therefore, struck the testimony and admonished the jury not to consider it.

The record sustains the trial court's action.

Affirmed.