Gary SHOEMAKER, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 3617.

Supreme Court of Wyoming.

Aug. 7, 1968.

Thomas M. McKinney, Basin, Brooke Wunnicke (of Wunnicke & Fennell), Cheyenne, for appellant.

James E. Barrett, Atty. Gen., Jack Speight, Asst. Atty. Gen., Cheyenne, James Castberg, County and Pros. Atty., Powell, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Chief Justice HARNSBERGER delivered the opinion of the court.

An information charged that Gary Shoemaker "did unlawfully in the commission of an unlawful act or by culpable neglect or criminal carelessness kill a human being, to-wit: Richard R. Milligan, A FELONY Sec. 6–58 WS 1957." Upon trial, the jury returned verdict, "We the jury, duly empannelled, charged and sworn to try the case of STATE OF WYOMING, Plaintiff vs. GARY SHOEMAKER, Defendant, do find the Defendant GUILTY of the crime charged in the Information."

The judgment and sentence of the court recited that the defendant being "duly convicted of the crime charged in the information, to-wit: That of manslaughter," sentenced the defendant to the penitentiary for not less than two years and not more than four years. Defendant appeals.

Section 6-58, W.S.1957, is as follows: "Whoever unlawfully kills any human being without malice, expressed or implied, either voluntarily, upon a sudden heat of passion, or involuntarily, but in the commission of some unlawful act, or by any culpable neglect or criminal carelessness, is guilty of manslaughter, and shall be imprisoned in the penitentiary not more than twenty years."

It thus appears the information has charged the commission of the crime of manslaughter in the words of the statute, and therefore the information was sufficient and proper according to our former opinions. State v. Callaway, 72 Wyo. 509, 267 P.2d 970; State v. Hickenbottom, 63 Wyo. 41, 178 P.2d 119; Koppala and Lampe v. State, 15 Wyo. 398, 89 P. 576; In re McDonald, 4 Wyo. 150, 33 P. 18.

However, under that statute, the crime of manslaughter may be committed under different circumstances. First, upon a sudden heat of passion without malice; second, involuntarily but in the commission of an unlawful act; or third, by culpable neglect or criminal carelessness, these last words being held to be synonymous. State v. Catellier, 63 Wyo. 123, 179 P.2d 203.

As the information did not include the first circumstance in its charge, nothing need be said respecting it.

The second and third circumstances, however, embrace a multitude of occurrences, any one of which may be an unlawful act or culpable neglect or criminal carelessness, and included in those categories are violations of our motor vehicle laws. It seems that because there was some evidence of defendant's partaking of alcoholic beverage shortly before the accident, and that he was operating the automobile at the time of its occurrence, the

court included in one of its instructions to the jury the following:

"* * * before you can find the Defendant Guilty of manslaughter, you must find beyond a reasonable doubt:

"1. That the defendant did unlawfully while under the influence of intoxicating liquor to a degree such as to render him incapable of safely driving a motor vehicle, operate a motor vehicle upon the highway and drive said motor vehicle in such a manner as to cause it to leave the paved portion of the roadway and overturn and that such act was done in a culpably negligent or criminally careless manner * * *."

The court also instructed, "The meaning of the phrase 'under the influence of intoxicating liquor' means that a person has taken into his stomach a sufficient quantity of intoxicating liquor as to deprive him of the normal control of his body or mental faculties."

Even though both of these instructions might be considered as accurately reflecting the law, the appropriateness of their being given in the instant case is highly questionable.

Careful examination of the evidence leaves us convinced there is not even a scintilla of evidence that the defendant was "under the influence of intoxicating liquor to a degree such as to render him incapable of safely driving a motor vehicle, operate a motor vehicle upon the highway and drive said motor vehicle in such a manner as to cause it to leave the paved portion of the roadway and overturn." Nor was there a scintilla of evidence that the defendant had "taken into his stomach a sufficient quantity of intoxicating liquor," which had deprived him of "normal control of his body or mental faculties."

Under such circumstances, had the jury concluded this was the law violation which caused the death of deceased, and upon that premise found defendant guilty of manslaughter, such a conviction should not be permitted to stand.

**311**

The question of whether there was substantial evidence to have supported the verdict of conviction because of the unlawful operation of the automobile, with a willful and wanton disregard of the safety of persons or property in a reckless manner, and that such act was done in a culpably negligent or criminal manner, need not be dealt with in view of the holding which we make with respect to the instructions dealing with the question of defendant's intoxication.

■ We have no way of determining from the jury's verdict whether they found defendant guilty of manslaughter because of other law violation, but as under the instructions given the verdict reached by the jury might have been improper, we must hold the giving of those instructions to be prejudicial. James v. State, 27 Wyo. 378, 196 P. 1045; 53 Am.Jur., Trial, § 579, pp. 455–456.

■ Appellee contends appellant's objections to the giving of these instructions were waived unless there was fundamental error in their issuance, citing State v. Woodward, 69 Wyo. 262, 240 P.2d 1157, 1163–1164, where it was said, "We have held at various times that ordinarily instructions will not be reviewed on appeal, unless they are excepted to when given. * * * Our cases are in accord with the rule generally prevailing," and, quoting from 23 C.J.S. Criminal Law § 1342, p. 1002 (23A C.J.S. Criminal Law § 1342, pp. 931–932):

" '* * * as a general rule, objections and exceptions to charges given, or to a failure or a refusal to instruct as requested, will be regarded as waived *unless they are taken immediately after the ruling is made or* after the court charges the jury and before they retire, unless * * * the error is of a jurisdictional or fundamental character. * * *' " (Emphasis supplied.)

■ In the instant case there was a full objection to the ruling respecting the criticized instruction "taken immediately after" the adverse ruling was made, so, under the pronouncement made in Woodward, the objection was sufficiently preserved for review upon appeal.

Appellee feels Rule 51, Wyoming Rules of Civil Procedure (Vol. 2, W.S.1957, pp. 81–82), applies to criminal proceedings because § 7–237, W.S.1957, provides:

"The proceedings provided by law in civil cases as to the conduct of the jury, the admonitions of the court, and the manner of returning the verdict, shall be had upon all trials on indictments, so far as the proceedings may be applicable, and when it is not otherwise provided. * * *"

Rule 51, W.R.C.P., provides:

"* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make any such objection out of the hearing of the jury. * * *"

■ As assignment of error in the giving or failure to give instructions to the jury is not mentioned among the proceedings to be made applicable in criminal cases by § 7–237, W.S.1957, appellee's point is not well taken, and we are not persuaded Rule 51 should be considered applicable here. But, even if Rule 51 were considered applicable here, a careful examination of appellee's own as well as other authorities leads to a conclusion adverse to appellee's contention.

In 2B Barron and Holtzoff, Federal Practice and Procedure, § 1103, p. 450 (1961), it is said, "Objections to giving of erroneous instructions or to the failure to give a requested instruction must be made before the jury retires; normally failure to object means that the alleged error may not be raised on appeal." Additionally, appellee cites Jackson v. Nelson, 10 Cir., 382 F.2d 1016, 1017, which says, "The objections to, and offers of, instructions are not considered in depth because Rule 51, Fed. R.Civ.P. has not been complied with.

'Objections and exceptions made prior to the giving of Instructions do not conform with Rule 51.'" Aside from the fact that these statements appear in connection with civil rather than criminal cases and are based upon a rule of civil rather than of criminal procedure, and our rules of civil procedure are made applicable to criminal cases only when made so by express statute (Rule 1, W.R.C.P.), appellee's citations from Barron and Holtzoff and Jackson v. Nelson, supra, are not persuasive. This is especially true when we find 2B Barron and Holtzoff, Federal Practice and Procedure, § 1021, p. 313 (1961), saying:

> "If the court and the other parties knew what action the losing party wished taken * * * the appellate court may consider the alleged error even though no formal objection was made or exception taken. *Thus if a motion or objection of the party, for which he has stated his grounds, is overruled * * * no further objection or exception is required. * * *"* (Emphasis supplied.)

This statement was cited with evident approval in one of the two opinions rendered by a divided court in Kirk v. State, Wyo., 421 P.2d 487, 497 (affirmance reversed on another point 389 U.S. 53, 88 S.Ct. 245, 19 L.Ed.2d 52), 433 P.2d 836, a criminal case. Also, 2B Barron and Holtzoff, Federal Practice and Procedure, § 1104, pp. 463–465, further says:

> * * * But Rule 51 is not top-heavy with technical excuses for overlooking trial errors. After all only those errors are waived which might have been corrected had the proper objection or request been made. If the trial judge is fully informed of the specific grounds of the objection or request, there is no need for repetition. Few judges are aided by frequent repetition of objections which have once been overruled. In fact repetition is improper and may be annoying. * * *"

In the present instance the procedure prescribed by paragraph Fifth of § 7–228, W.S.1957, was followed by the parties requesting instructions to the jury, whereupon the court ruled to either give or refuse to give the offered instructions. Upon the court's adverse rulings then made, defendant interposed his specific objections fully informing the court respecting his grounds therefor, and at that time the record indicates the judge signed the instructions he had decided to give, the defendant interposed his objections, the court ruled against defendant, and defendant excepted to the adverse rulings.

It should also be noted that procedures relative to the giving of instructions in Federal practice is materially different from that in our State procedure. Section 7–228, W.S.1957, paragraph Sixth, requires the court to charge the jury in writing if either party requests it and *when so written the court may not orally qualify, modify, or in any manner explain the same to the jury*. Rule 51, W.R.C.P. *requires* the instruction be in writing and signed by the judge. This rule does not otherwise change, supersede, or modify the provisions of § 7–228, W.S.1957.

The procedure is different in the Federal system for there the court may give such charge to the jury as it sees fit, together with such comment, explanation, modification, or change as it may desire. Under such a procedure, it is understandable why objection must be made following the giving of the charge. But under our State procedure the parties know beforehand exactly what instructions will be given, and in what language, as well as which of the requested instructions will be refused. Being so apprised, the parties are in a position to make objections to the court's rulings before the instructions are given the jury, setting forth with particularity their reasons, and the rulings of the court then made become final with no exceptions being necessary under Rule 46, W.R.C.P. (Vol. 2, W.S.1957, p. 79.)

For the reasons hereinabove stated, the verdict and judgment of the lower court

must be reversed and the cause remanded for new trial.

Reversed and remanded.

Mr. Justice PARKER, dissenting.

I cannot agree that the record contains less than a scintilla of evidence that defendant was under the influence of intoxicating liquor to a degree such as would render him incapable of safely driving a motor vehicle. .

I would affirm the conviction.