Leo Clifford MILLER, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4638.

Supreme Court of Wyoming.

March 4, 1977.

Gerald M. Gallivan, Director, and David C. Marion, Senior Law Student, Defender Aid Program, Laramie, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Frederick J. Harrison, Legal Intern, Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

This is an appeal from a guilty verdict and sentence imposed upon appellant for the crime of burglary. We find no merit in the appeal.

Appellant asserts that the failure of the trial judge to instruct on the effect of voluntary drunkenness upon specific intent as a necessary element of burglary abridged his right to a fair trial. We cannot reach this question because no objection was made to the instruction given, nor was one submitted, *Moore v. State,* Wyo., 542 P.2d 109, 112; *Sims v. State,* Wyo., 530 P.2d 1176, 1181–1182; Rule 51, W.R.C.P. Additionally, there is no evidence in the record of defendant's intoxication. This claim appears only in defendant's summation, although the owners of the home who caught him in the process of the burglary were witnesses and could have been cross-examined upon this question. Absent any such evidence, an instruction upon this point would have been improper, *Shoemaker v. State,* Wyo., 444 P.2d 309, 310; *Brown v. State,* 80 Wyo. 12, 336 P.2d 794, 801; 4 Wharton's Criminal Procedure, § 538, p. 9 (C. Torcia Ed. 1976); 23A C.J.S. Criminal Law § 1312, pp. 762–764.

The second asserted error is the claim that the trial court should have appointed another attorney in whom he had confidence. Two attorneys were appointed for appellant. The first was Robert Koester, appointed August 22, 1975, the date the complaint was filed. Upon that date Koes-

ter conferred with appellant, proceeded with certain preliminary activities, and secured a setting for a preliminary hearing on September 11. On September 8, Koester was called to the jail where appellant demanded return of the complaint and advised Koester his services had been terminated. Based thereon the court allowed his withdrawal and appointed David F. Palmerlee as his attorney. Palmerlee appeared at the arraignment in the district court on September 29, when defendant acknowledged that he had received a copy of the information and that he knew the nature of the charges. The judge made a complete explanation of the charges and the consequences of a guilty plea or conviction. At that time appellant made no suggestion to the court of any dissatisfaction with his attorney and entered a plea of not guilty. The attorney at that time requested a reduction of the bond to $1000 and after argument the judge reduced the bond from $5000 to $2500, requiring corporate security.

On November 4, the court had a hearing, apparently at the behest of appellant. He indicated to the court that he was dissatisfied with his then counsel, and the judge advised appellant he would not appoint another lawyer and that he could represent himself. Appellant was advised that the Palmerlee appointment was still effective and that he would be at appellant's table for his use or advice. The court also ordered the county attorney to open his file and to make a copy of everything in the file for appellant, along with a resume of the testimony of the witnesses as he knew it.

On November 7 defendant executed a stipulation, admitting that he had received such copies, along with the names of the witnesses and summaries of their testimonies, and had been allowed to examine the photographs which the State intended to offer. The stipulation also included defendant's agreement that he had, both in open court and at the time of the execution of the stipulation, "expressed his desire to represent himself," although the court had appointed counsel to aid and assist him. The court had another hearing on November 12, when certain general instructions which the county attorney had drawn and advised he would offer were discussed, and the court at that time ordered the county attorney to deliver to defendant copies of any additional instructions he would offer at least seven days prior to the trial. No assertion is made that this was not done. We note that at both hearings the trial judge warned defendant at some length of the dangers of self-representation and how unwise it was. He was again advised of the trial date and made no objection to that date. The appointed attorney was present at this hearing and defendant asked no assistance from this attorney.

Nothing in this record, not even appellant's statements of dissatisfaction with both attorneys, reflects any good or legitimate cause for the discharge of either— rather expressions of petty petulance and suspicion of the entire system are reflected, which show a strong determination to wage a conflict with society.

Appellant had a clear right to defend himself and one of which he could not be deprived, *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *United States v. Corrigan,* D.C.Wyo., 401 F.Supp. 795, 799. He chose this course of action, even when he had available a competent attorney at his side at all times, and conducted his own defense, although he had been repeatedly advised by the judge of the folly of this behavior. Appellant cannot now assert error based upon his own obdurate behavior and insistence upon defending himself. He has made a choice—one of his own—and must live with that determination.

From this record it is difficult to conceive what kind of lawyer could in any manner satisfy this uncooperative defendant.

■ Appellant's counsel, at his insistence, raises two additional issues, which verge upon the frivolous. They are that his bond was excessive and that his ability to conduct his defense was impaired by lack of disclosure of the evidence. The amount and conditions of a bond are still within the discretion of the trial judge, Rule 8(a)(1),

W.R.Cr.P., and will not be disturbed unless this discretion is abused, *State ex rel. Powell v. Ilsley,* Wyo., 387 P.2d 676, 678; 8 Am.Jur.2d, Bail and Recognizance, § 68, p. 822. The primary purpose of a bond is to insure the defendant's presence to answer the charges without excessively restricting his liberty pending trial, *United States v. Wright,* 4 Cir., 483 F.2d 1068, 1069. An examination of this record reveals that the defendant was faced with a maximum possible sentence of fourteen years; that he was an itinerant laborer with no employment and no family in the area; additionally that he had quite a lengthy criminal record in other states; and that he was a fugitive from the State of Montana, having failed to appear for a trial. We cannot say from these facts that the $5000 bond originally set was not reasonable. There is no absolute right in any defendant to have a bond reduced to a point where he can satisfy it, unless it will serve the purpose of insuring his appearance for trial.

The contention of the failure to allow him to explore the evidence relied upon by the State is flatly contrary to the record, which contains a stipulation that the State had agreed to deliver and did deliver to appellant a list of all the witnesses and a summary of their testimony, and allowed him to inspect certain photographs which the State was prepared to introduce. We find nothing suggesting what further evidence might have been available which might have assisted him.

The judgment is therefore affirmed.