## No. 1213.

### THE STATE OF LOUISIANA VS. BERRY JOHNSON.

The legal discretion of the trial judge in a criminal case, in matters of continuances, will not be interfered with unless the ruling complained of is glaringly erroneous and manifestly unjust.

An accused who, on the day of his arraignment, declines the offer of the court to assign counsel for his defense and informs the judge that he has retained his own counsel, is not entitled to a continuance on the ground that his counsel subsequently abandoned his case, when it appears that counsel was then assigned to him by the court and defended him through the trial and on appeal.

APPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

*M. S. Crain* for the State, Appellee.

The opinion of the Court was delivered by

POCHÉ, J. The defendant appeals from a sentence of death for the murder of his wife and seeks relief under three bills of exception.

1. He complains of the refusal of the continuance of his case prayed for, on the ground that he had not had sufficient time to prepare his defense.

State vs. Johnson.

It appears that when he was arraigned, one week previous to his trial, the court offered to assign counsel for his defense. The offer was declined, for the reason that he had secured counsel of his own. On the day of trial he informed the court that his counsel had abandoned him, and he therefore prayed for a continuance on that ground. Whereupon, the court having assigned him counsel who now represents him, refused the continuance, but allowed two hours delay to the attorney thus appointed.

At the time that the accused was offered counsel by the court, he was particularly warned to be in readiness for trial on the day fixed. All these circumstances satisfy us that in refusing the continuance of the cause, the judge did no injustice to the accused, and that he properly exercised the discretion vested in him by law in matters of continuance.

Our jurisprudence has firmly settled the rule that this Court will not interfere with the legal discretion of the trial judge, unless gross injustice has been done to the accused. The defendant chose to rely on his own selection of counsel rather than to accept the guidance of the court and he must abide the consequences. And besides, it appears that he was finally assisted by zealous counsel, who has invoked every technical defense which legal ingenuity can suggest.

2. The second bill of exception presents the ruling of the judge, in admitting testimony to show the previous relations as to peace or general treatment between the accused and his wife, whom he was charged to have murdered.

The evidence was clearly admissible, in order to show the *animus* which prompted the accused in the perpetration of the homicide.

Circumstances resulting from such evidence may contribute to characterize the very essence of the deed, and law and justice alike demand the introduction of testimony on such a vital point.

3. The court admitted in evidence a certain rifle, over the objection of counsel for the accused.

Nothing in the record shows the reason or object of that evidence, or the connection between the rifle and the charge. We are therefore deprived of all means to consider the question of the relevancy of that kind of evidence. In the bill the judge says that the evidence was relevant, as tending to show premeditation. The defendant has failed to supply any reasons or to show any circumstances or authority to the contrary, or to show how the accused could possibly have been injured by the exhibition of a rifle to the jury, without any testimony or effort to show that the rifle belonged to the accused, or had been used by him at any time or under any circumstance.

SUPREME COURT OF LOUISIANA.

The bill is painfully vague and unsatisfactory on this point, but we cannot do the injustice to presume that the trial judge would have tolerated the idle ceremony of exhibiting in a solemn trial a rifle or any other weapon or thing which had no connection by ownership or otherwise with the accused or the crime charged against him. It is the legal duty of parties who seek the reversal of rulings of inferior courts, to present to the appellate tribunal an intelligible statement of the matters embraced in their complaint.

We find no error to the prejudice of the accused.

Judgment affirmed.