No. 13,648.

STATE EX REL. WALTER GUION, ATTORNEY GENERAL, VS. H. F.
BRUNOT, JUDGE OF THE TWENTY-SECOND JUDICIAL DISTRICT,
PARISH OF EAST BATON ROUGE.

SYLLABUS.

1. The object of a preliminary examination is two-fold, (1) to enquire touch-
ing the commission of crime and the accused's connection with it; (2) to
perpetuate testimony.
2. The right to a preliminary examination is not confined to the person
accused; it exists in the prosecution as well.
3. And this right of the State to demand a preliminary examination cannot
be defeated by the accused waiving such examination.
4. When the law officers of the State apply for such examination it is the
duty of the Judge to order and hold the same, and this duty will be
enforced by *mandamus*.

O N APPLICATION for the Writ of *Mandamus*.

Relator *pro se.*

Respondent Judge *pro se.*

*Thomas J. Kernan* and *Lindsay D. Beale* for Garig *et als.,* the Ac-
cused, also Respondents.

The opinion of the court was delivered by
BLANCHARD, J. The question involved herein is whether or not the
State is entitled to demand a preliminary examination in the case of a
person accused of crime.

Or, does the law relating to preliminary examinations operate only in
favor of those accused of crime, and if an accused person in custody
waives preliminary examination, is the State without right to insist
upon one.

The facts of the instant case are:—certain parties in the parish of East Baton Rouge were arrested, charged with the crime of murder. They were committed to prison. They asked for no preliminary examination and were not seeking release on bail bond. The Attorney General, under the direction of the Governor, took charge of the prosecution. Deeming it to the interest of the prosecution that a preliminary examination should be held, he applied in writing to the district judge to fix a day for such examination. Whereupon, the judge directed notification to the accused and for them to show cause on a day named why the preliminary examination applied for should not be had. In response, the accused filed a plea wherein they formally waived examination and prayed that the motion of the State be denied. The judge, considering that this waiver authorized him to issue a *mittimus* to the sheriff to detain the parties accused in secure custody until deliverance is had by due course of law, made such an order, and then overruled the motion for the preliminary examination.

The position he took at the time, and maintains now, is that the *mittimus* accomplished for the State all that the most favorable result of a preliminary examination could accomplish—meaning the remanding of the accused to custody without bail. He contends that this fulfils the requirement of Section 1010 of the Revised Statutes.

Does it?

*Per contra,* the contention of the relator is that the object of the examination authorized by R. S. 1010 is two-fold, (1) to ascertain whether a crime has been committed, and to *discharge* or *commit* the prisoner, in accordance with the state of facts shown by the evidence; (2) to perpetuate testimony—to reduce to writing the evidence adduced, to the end that the same may be used before the grand and petit juries in case of the death, absence, or disqualification of the witnesses, or any one of them.

He urges that the view of respondent judge limits the statute to one of subserviency to the accused; the latter may invoke it, but the State may not.

As against this, he insists that without regard to the wishes of the accused the State has a direct interest in both the objects which a preliminary examination may subserve, and, accordingly, may invoke the aid of the statute to the end of holding such examination; that it is

mandatory upon the judge to hold and conduct the same when applied for by either the prosecution or the defense.

The precise question here presented seems not heretofore to have been the subject of judicial decision.

*Ruling*—Section 1010 of the Revised Statutes authorizes the bringing of a person accused for crime before the district judge, and it is, by the terms of the law, *made his duty* to open proceedings of enquiry touching the accusation; and to this end to examine, under oath, the witnesses produced and to reduce their depositions to writing. The accused may, if he desire, make a declaration, which, too, is required to be taken down in writing in such way as the statute directs. The testimony thus taken, both of the witnesses and the accused, is, under proper circumstances, competent evidence before the grand and petit juries. 34 La. Ann. 1040; 37 La. Ann. 685; 46 La. Ann. 1046; State vs. Wiggins, 50 La. Ann. 330.

This "bringing of a person accused for crime before the district judge" may be done by the law officers of the State, on the one hand, or at the instance of the accused, on the other hand. When brought before him, at the one instance or the other, it is his duty to hold and conduct the preliminary examination, and, refusing, *mandamus* will lie to compel performance.

The application of the State, as in this instance, for preliminary examination, formally made to the judge, was a "bringing" of the person accused of crime before the judge in the sense of the statute.

The object of preliminary examination is two-fold—(1) to enquire touching the commission of crime and the accused's connection with it; (2) to perpetuate testimony.

The State has an interest in both. If a crime has been committed, the facts and circumstances connected therewith should be known to the prosecuting officers, to the end that proper steps for the vindication and enforcement of the law may be taken. If the particular person accused of the crime is shown by the examination not to be the guilty one, his discharge is ordered. The State has as much concern and interest in the liberation of one falsely accused as it has in the apprehension and detention of one who is rightfully accused. If from the examination, the proof is evident or the presumption great that the person accused is the guilty one, his committal is ordered. If the offense is one bailable

under the law, the amount of bail he is to give is determined. If not bailable, the accused is ordered confined.

All of these are embraced within the scope of the first object of a preliminary examination.

Witnesses may die, or leave the State, or become disqualified to testify. Hence, the necessity to perpetuate their testimony in form for future use, and the best and most practical way to do this is through a preliminary examination. State vs. Ozer, 5 La. Ann. 746.

This is the second object of such examination. In State *ex rel.* Johnson and Britton, 48 La. Ann. 1406, it was distinctly stated that the province of a preliminary examination "is to perpetuate the testimony against the accused."

In an earlier case; State *ex rel.* Stevens vs. Judge, 34 La. Ann. 54, there is an *obiter dictum* to the effect that the sole object of a preliminary examination is to determine whether a party shall be discharged, bailed, or held in custody. But that this is not the sole object of such examination conclusively appears from the language of the law itself.

Our conclusion is that at the time this application for the writ of *mandamus* was filed, the State was entitled to the preliminary examination asked by the Attorney General. And the fact that the grand jury had had the matter of the alleged crime under investigation, but had adjourned it over, and that a new grand jury would shortly be empaneled which would be charged with the duty of further investigation, did not defeat this right of the State.

State *ex rel.* Matranga vs. Recorder, 42 La. Ann. 1091.

The court is determining the instant case on the *status* it held when the relator applied for the examination and it was denied, and the decree herein will relate only to its then condition.

Whether subsequent action by the grand jury may or may not have altered the situation and rendered preliminary examination improper or unnecessary, we do not undertake to say—reserving all rights in the premises to all parties in interest.

For the reasons assigned, it is ordered that a peremptory writ of *mandamus* do issue as prayed for by the relator.