PONDER, Justice.
 

 The defendant, Harrison Longino, was tried on an indictment charging him with rape and the jury having- found him guilty as charged without capital punishment, he was sentenced to life imprisonment in the penitentiary. From the conviction and sentence the defendant appeals.
 

 During the course of the trial seven bills of exceptions were taken by counsel for the defendant.
 

 Bill of exception No. 1 was taken to the court’s refusal to grant a continuance. The defendant urged that he should be granted a continuance: (1) Because he did not have sufficient time to
 
 *717
 
 prepare his defense, and (2) because he did not have possession of the testimony-taken at the preliminary hearing in his case.
 

 It appears from the per curiam of the trial judge that the defendant was arrested on the charge of rape during the month of June, 1938, and incarcerated in jail without bond. Shortly thereafter, the defendant secured competent counsel to represent him and applied for a preliminary hearing. The defendant secured the services of a stenographer to take and transcribe the testimony given at the preliminary hearing. The preliminary hearing was held and the defendant was denied bond. The defendant then applied through his counsel to this Court for the writs of habeas corpus which were denied. On September 6th thereafter the defendant was indicted by the Grand Jury for rape. On September 17th thereafter when the defendant was called for arraignment, his counsel filed a motion to quash the indictment on the ground that two members of the Grand Jury who returned the indictment were not qualified to serve as such. On September 26th thereafter the court reconvened the Grand Jury, discharged the ineligible members and called two ‘persons from the Grand Jury list who were sworn and impaneled to serve in the place of the members so discharged. The Grand Jury, so constituted, investigated the defendant’s case and on September 26th returned an indictment against the defendant charging him with the crime of rape. On the same day the defendant was called for arraignment at which time the defendant’s counsel requested the court to give him time to examine the indictment before the defendant was required to plead. The court, thereupon, granted the defendant until September 30th, 1938, before he would be required to plead to the indictment. Immediately the district attorney on that same date, September 26th, in open court informed the defendant and his counsel that he was going to move to have the case fixed for trial for October 3rd., On September 30th the defendant was arraigned and pleaded not guilty and his case was set for trial for October 3rd. It appears that the first week of October was the regular jury term of court. The defendant in support of his contention that he did not have sufficient time to prepare his defense cites, State v. Johnson, 36 La.Ann. 852; State v. Chitman, 117 La. 950, 42 So. 437; State v. Satcher, 124 La. 1015, 50 So. 835; State v. Gilliard, 143 La. 604, 78 So. 978; State v. Martin, 145 La. 35, 81 So. 747, and State v. Roberson et al., 157 La. 974, 103 So. 283. Upon examination of the cases cited, we find that they do not support the defendant’s contention.
 

 In the case of State v. Johnson, supra, one week previous to the trial, at the arraignment of the defendant the court offered to appoint counsel to represent the defendant which was refused by the defendant on the ground that he had already secured counsel. On the date of the trial the defendant informed the court that his counsel had abandoned him and asked for a continuance. The court appointed counsel to represent the defendant and refused
 
 *719
 
 to continue the case, but allowed the appointed counsel a delay of two hours before proceeding with the trial. This Court refused to disturb the conviction and sentence.
 

 In State v. Chitman et al., supra, only six days were allowed the defendants to prepare their case for trial and they only had the assistance of counsel during that interval. This Court stated to the effect that it was not prepared to say that the trial judge abused his discretion and refused to disturb the verdict and sentence.
 

 In the case of State v. Gilliard, supra, the offense was committed on the 7th of the month, the defendant was indicted on the 14th, arraigned on the 15th and the trial fixed for the 20th. This Court refused to disturb this conviction and sentence on the ground that the lower court had not abused its discretion in refusing a continuance since the- defendant had the benefit of counsel prior to the date of indictment to the date of trial.
 

 In the case of State v. Martin, supra, the conviction and sentence were set aside. The defendant was indicted on the 28th day of February, arraigned on the same date and the case fixed for trial for March 6th thereafter. The court appointed two attorneys to represent the defendant but only one of the attorneys had had any experience in the trial of criminal cases. The counsel who was experienced in the trial of criminal cases was absent at the time of his appointment and did not learn of it until March 3rd. Furthermore, another circumstance which this Court considered was that the scene of the killing was in a cab of a locomotive which had been removed to the city of New Orleans and the counsel did not have the opportunity to see personally the scene of the killing.
 

 In the case of State v. Roberson et al., supra, the defendant had benefit of counsel for a period of four days to prepare his defense on two separate charges of murder. This Court set aside the verdict and sentence.
 

 We are not confronted with a case wherein the defendant had the assistance of counsel for only a short period of time. The defendant has had the benefit of one counsel for some three months prior to his trial and the benefit of additional counsel for more than two weeks prior to the trial. Furthermore, the defendant and his counsel were informed of the nature of the charge against the defendant long before the date of trial for the reason at the preliminary hearing they were acquainted with the nature of the charge by the evidence produced by the State at the hearing. The defendant in this case has had the benefit of counsel of his own selection and not appointed counsel. The defendant and his counsel were informed in open court by the district attorney seven days before the date of the trial that the case would be tried on October 3rd. The granting or refusing a continuance rests in the sound discretion of the trial court and under the provisions of Article 320 of .the Code of Criminal Procedure this Court would not be warranted in interfering with the ruling of the trial court refusing the continuance except where the discretion
 
 *721
 
 was abused. We find no such abuse herein.
 

 The defendant urges another ground why the continuance should be granted to the effect that he did not have possession of the testimony taken at the preliminary hearing. The testimony was taken at the preliminary hearing by a stenographer employed by the defendant. There was no copy of this testimony ever filed in the lower court. The only copy in existence as shown by the record was a copy attached to the defendant’s application for writs of habeas corpus filed in this Court. The record does not show that the defendant or his counsel at any time prior to the arraignment made any effort to secure the copy of the testimony from this Court. Application was made to this Court for the copy of this testimony filed with the' defendant’s application for habeas corpus and the copy of testimony was in the hands of the defendant’s counsel before the State closed its case in chief. The district attorney at no time had a copy of the testimony prior to the date of trial. There is no contention herein that any of the State’s witnesses testified to any facts at the trial different from that testified to by them at the preliminary hearing. If the defendant’s counsel desired to use the notes as a basis to impeach the State’s witnesses, he could have requested the court to recall the witnesses for the reason he had the testimony before the State closed in chief. The record does not show that any such request was made. We do not think the lower court abused its discretion in refusing the continuance on this ground.
 

 Bill of exception No. 2 was taken to the ruling of the trial judge in refusing to delay the trial of the case until the copy of the testimony taken at the preliminary hearing had. been returned from this Court. In support of the contention the defendant cites State ex rel. Guion, Atty. Gen., v. Brunot, Judge; 104 La. 237, 28 So. 996, and R.S. § 1010.
 

 In State ex rel. Guion v. Brunot, supra, the court in discussing Section 1010, R.S., states to the effect that one of the objects of a preliminary trial is to perpetuate the testimony so that in event one of the witnesses may die or leave the State or become disqualified to testify the testimony thus taken would under proper circumstances be competent evidence before the Grand or Petit Juries. There is no contention herein or is it claimed that the testimony would be competent in the instant case. The sole contention being that defendant is entitled to a copy of the testimony in order to properly prepare his defense. If the defendant seriously considered that he needed a copy of the testimony. it is seemingly strange that he did not. have a copy made by the stenographer employed by him who took down the testimony at the preliminary hearing. Furthermore, the defendant had attached his copy of the testimony to the writs of habeas corpus and filed it in this Court. He knew the copy was in this Court and no previous effort was made by him or his counsel to obtain it. Moreover, the only purpose the defendant could gain by having a copy of the- testimony would be where the witnesses testified differently than they testified at the preliminary hear
 
 *723
 
 ing. Then, in that event, the defendant could use it in cross examining the witnesses with the view of impeaching them. The defendant had the testimony in time to use it for this purpose if he so desired. We see no merit in this bill.
 

 Bill of exception No. 3 was taken with reference to the impaneling of the jury. It appears that six jurors were examined, accepted and sworn prior to the noon hour. When court adjourned they were placed in the charge of the sheriff and properly instructed by the court. Court reconvened at one o’clock P. M. and three more jurors were examined and accepted. Before the last three accepted jurors were sworn, the jury was permitted to retire in charge of the sheriff to the toilet in an adjoining room for a few minutes. Upon the return of the jury the case was proceeded with, the general venire exhausted and the last three accepted jurors were sworn. The defendant objected on the ground that these jurors had been permitted to leave the court room before being sworn. The court overruled the objection and this bill was reserved. There isv no contention made herein that the jurors were tampered with. The defendant did not peremptorily challenge these jurors. The defendant recites no facts showing misconduct on the part of any of the jurors. The only authority cited in support of this contention is State v. Morgan, 147 La. 205, 84 So. 589. In that case the court merely held that there was nothing before the court to be considered. The court did state therein to the effect that it would not consider alleged misconduct in permitting accepted jurors during selection of jury to leave the court room accompanied by the sheriff where the defendant had failed to object and there was no ruling of the court thereon. We have considered defendant’s objection and find nothing in the record that would tend to show that the defendant was injured by permitting the jurors to retire to the toilet for a few minutes.
 

 Bill of exception No. 4 is abandoned and not urged.
 

 Bills of exceptions No. 5, 6 and 7 were treated together by counsel for the defendant in his argument and brief. They are all leveled at the admission of testimony to the effect that the defendant unmercifully beat the prosecutrix with a plow line on June 1st after which the plaintiff left home and made complaint of the rape. The defendant contends that this testimony is irrelevant, immaterial and would only have the effect of prejudicing the minds of the jury against him. It appears that the prosecutrix’s father, who was a World War veteran, died when the prosecutrix was about five years of age leaving some insurance. The mother of the prosecutrix bought a place with the insurance money on which the prosecutrix, her sister and mother lived. Sometime after the place was acquired the defendant came to the place, began to live in open adultery with the prosecutrix’s mother and took charge of the plate. The prosecutrix and her sister testified that the defendant often beat them unmercifully and also unmercifully beat their mother who was very much infatuated with him. These witness
 
 *725
 
 es testified that on account of the cruel treatment by the defendant they were afraid not to do what he demanded. The prosecutrix and another witness testified that the defendant unmercifully whipped the prosecutrix with, a plow line about June 1st. The prosecutrix testified that she left home and made this complaint. The defendant contends that this testimony of a whipping administered long after the alleged offense was inadmissible and could only serve to prejudice the jury against him. In support of his contention he cites State v. Dennett, 19 La.Ann. 395, 396; Marr’s Criminal Jurisprudence, page 890; State v. Blassengame, 132 La. 250, 61 So. 219; State v. Bates and Ramp, 46 La.Ann. 849, 15 So. 204; State v. Palmer, 32 La.Ann. 565; State v. Hoffman, 120 La. 949, 950, 45 So. 951, and Rice on Evidence, Vol. 3, Chap. 25, Sec. 157. The trial judge in his per curiam states to the effect that the defendant claimed in his defense that the girl was not outraged and did not leave home on that account, but left on account of the whipping and trumped up this charge. In view of the defense in this case it is unnecessary to examine the authorities cited by the defendant for the reason the defendant could not be injured by the testimony when he, in his defense, contends that it was because of the whipping that the prosecutrix left home and trumped up the charge. Article 557, Criminal Code of Procedure.
 

 For the reasons assigned, the verdict and sentence are affirmed.