354 P.2d 1112

STATE of New Mexico, Plaintiff-Appellee,

v.

Billy Gene WEBB, Defendant-Appellant.

No. 6644.

Supreme Court of New Mexico.

Aug. 31, 1960.

Rehearing Denied Sept. 9, 1960.

Henry J. Hughes, Sante Fe, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Philip R. Ashby and B. J. Baggett, Asst. Attys. Gen., for appellee.

CARMODY, Justice.

Defendant appeals from a conviction of intentionally and unlawfully taking a motor vehicle without the consent of the owner.

The facts are uncontradicted, inasmuch as the defendant neither took the stand nor called any witnesses in his defense.

The state's testimony was to the effect that the defendant took a car from a used-car dealer's lot, drove the same in the city of Hobbs, New Mexico, and upon being arrested, was identified by one of the salesmen as the person he had seen driving the car away from the lot without permission.

The only question relied upon for reversal is the contention that the defendant was

denied due process of law, in that he was an indigent and that the trial court failed to provide a psychiatric examination as to his sanity.

Prior to the commencement of the trial, a conference was held in chambers between the court, the district attorney and the court-appointed counsel for the defendant. The defendant's attorney at that time made an oral motion, which was actually in five parts. The first four portions of the motion were an attack upon the preliminary proceedings, the prior arraignment in the district court, and a question with respect to the original arrest of the defendant. The fifth ground and the subsequent proceedings with reference to the entire motion appear in the transcript, as follows:

"Fifth. The defendant has indicated to me, and I have conveyed to the Court and District Attorney, that he desires to enter a plea of not guilty because of insanity, and that he is indigent. He has been unable to employ a local doctor to examine him, and that he states that he has no recollections of the happenings of this date, and I have no way of proving it, and have no way other than by the testimony of the State's witnesses. And also on the ground that it has been intimated, not stated expressly, but intimated, that, if a local physician was supplied to him at county expense, and he was found by that doctor to be sane, that then he would be expected to plead guilty; to all of which the defendant has refused.

"The Court: He has refused to enter a plea of guilty even though a local doctor has found him sane?

"Mr. Walton: As I say, though, it was not expressly stated but inferred.

"The Court: You mean he just doesn't want to go to the penitentiary. The motion will be overruled.

"Mr. Walton: To which the defendant excepts."

Thereafter, the trial of the case commenced with the announcement in open court by the defendant's attorney that the defendant desired to plead not guilty by reason of insanity. During the process of the trial, there was not one word of proof or tendered proof as to any issue of insanity, nor was there any further request on the part of defendant's counsel to alert the court or seek its aid with respect to the defense of insanity. Neither did counsel at any time during the trial seek to clear up the quite obvious misunderstanding on the part of the trial court that previously the defendant had been examined by a local doctor at county expense. As a matter of fact, the only other mention of this defense appears in the court's instructions, where-

in the court advised the jury that such defense had been made and that the law presumes every person to be sane unless the contrary appears from the testimony or from the behavior or demeanor of the defendant. The court further stated that no testimony had been offered, but that the jury might consider the defendant's behavior as touching upon this subject.

 The attorney general contends with great vigor that the appellant failed to properly preserve the claimed error, and that, therefore, the court is without jurisdiction to hear the case. However, the attack is on the judgment as being inherently and fatally defective for lack of due process, certainly a fundamental right, and we therefore are of the opinion that the same should be disposed of on its merits. See Mitchell v. Allison, 1949, 54 N.M. 56, 213 P.2d 231; State v. Garcia, 1942, 46 N.M. 302, 128 P.2d 459, and Candelaria v. Gutierrez, 1924, 30 N.M. 195, 230 P. 436.

 Under our decisions, a defendant is presumed to be sane, and upon this presumption, the state is entitled to rely. State v. Moore, 1938, 42 N.M. 135, 76 P.2d 19. The only real problem is whether or not the mind of the trial court was alerted to the true situation. As we read the statement of counsel, it does not contend that the defendant was insane, but merely that he wanted a doctor to examine him.

If a motion had been made in open court and the mind of the judge really alerted to the request, there is no question but what it would have been honored, or, in any event, it would have been an appeal to the discretion of the trial court. We seriously doubt if the ruling of the trial court was fairly invoked in order to predicate the alleged error. See Miera v. State, 1942, 46 N.M. 369, 129 P.2d 334. However, if we are to assume that the discretion of the court was fairly invoked, even then he is clothed with some discretion and, as we said in State v. Folk, 1952, 56 N.M. 583, 247 P.2d 165, 171:

"The trial judge is not totally without discretion in this matter, even under our statute. It is his province to rule whether or not a reasonable doubt can be said to exist as to the sanity of an accused, and this determination will not be lightly overturned. All the authorities recognize the issue must be raised in good faith and supported by a showing sufficient to create a reasonable doubt as to the sanity of an accused."

What showing was there in the trial which would raise any doubt, let alone a reasonable doubt, as to the accused's sanity? Absolutely none. The trial judge, who has the highest and well-merited respect of the entire bench and bar, apparently

neither heard nor observed anything that would cause him to doubt the sanity of the accused; the accused had able defense counsel, even though court-appointed, and we do not feel it within our province to lightly overturn the action of the trial court on mere haphazard speculation. If the issue of insanity had been raised in good faith, the defendant had as his sufficient protection that his attorney, as a member of this bar, would have made a sufficient showing as to create a reasonable doubt as to sanity, or, at the very least, to have properly raised the issue in open court so that, if warranted, a psychiatric examination would have been provided at public expense, coupled with the right to compulsory process for the attendance of necessary witnesses.

Counsel on this appeal, who was not the trial attorney but was appointed to brief the appeal, is to be complimented on his able presentation, but his efforts are unavailing insofar as warranting our reversal of the case. There was no violation of the due process clause of the New Mexico Constitution, art. 2, § 18.

The judgment of the district court will therefore be affirmed, and it is so ordered.

COMPTON, C. J., and MOISE and CHAVEZ, JJ., concur.

NOBLE, J., not participating.