Joseph BRITAIN, Appellant,

v.

The STATE of Wyoming, Appellee.

No. 4027.

Supreme Court of Wyoming.

May 31, 1972.

G. L. Spence, Casper, for appellant.

Clarence A. Brimmer, Atty. Gen., Donald L. Painter, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

McINTYRE, Chief Justice.

The defendant, Joseph Britain, pleaded guilty to the theft of 100 bales of hay (worth about $100). He was sentenced to a term of not less than one year nor more than five years in the penitentiary. The sentence may have been more severe than defendant expected. In fact, he may have expected to be placed on probation.

In any event, after sentence was rendered, defendant engaged new counsel and moved to set aside his guilty plea, with leave to enter a plea of not guilty. His motion, after a full hearing by the court, was denied and defendant has appealed.

On appeal, appellant contends:

1. The defendant is actually innocent but the prosecuting attorney threatened to prosecute defendant's wife and son; the prosecuting attorney, however, entered into an agreement with defendant's attorney that he would not prosecute the wife or son if defendant pleaded guilty; and defendant's plea of guilty was not in fact voluntary but entered out of fear that defendant's wife and son would be prosecuted if such a plea was not made.

2. The trial court failed to comply with Rule 15, W.R.Cr.P., by addressing the defendant personally to determine if the defendant's plea was made voluntarily.

Regarding an agreement between the prosecuting attorney and defendant's attorney, the prosecuting attorney testified at the hearing on defendant's motion to withdraw his plea. The following questions and answers are a part of his testimony:

"Q If Mr. Boyer [defendant's attorney] were to say—and he is here as a witness and will be called in a few minutes—that there was a gentleman's agreement between himself and yourself that in the event Mr. Britain pled guilty that no charges would be levied against his wife or his child, would you say that that gentleman's agreement existed? A Yes, it did.

"Q Did you keep the agreement? A Yes."

\*    \*    \*    \*    \*    \*

"Q But that was the agreement you had with him, wasn't it, that if he pled guilty you wouldn't prosecute the wife and child? A. That is true."

Of this agreement, the attorney general says in his brief the defendant's counsel promised to plead the defendant guilty and the prosecutor promised not to prosecute other members of the family that might be implicated.

The fact that the attorneys resolved matters as they did in this case does not in and of itself prove that defendant's plea was involuntary. The trial court, after a hearing in connection with defendant's motion to set the plea aside, found the plea had been voluntarily entered.

However, the purpose of Rule 15 of the criminal rules is to fix a guideline for the court to follow in determining whether a plea is voluntary. In this instance the guideline was not followed and therefore the plea of guilty was not properly accepted. Hence, we need not decide whether the plea was in fact voluntary or involuntary.

Rule 15 specifies the various pleas a defendant in a criminal case may make, including a plea of guilty. It then provides:

"The court may refuse to accept the plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

It is clear from the record in this case that the district court did not address the defendant personally and determine that his plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea. Although the state insists that there was understanding and voluntariness, it admits the defendant was not addressed personally in that regard.

Rule 15 of our criminal rules is the same as Rule 11 of the Federal Rules of Criminal Procedure. The United States Supreme Court passed upon the effect of this rule in McCarthy v. United States, 394 U. S. 459, 89 S.Ct. 1166, 1169–1170, 22 L.Ed. 2d 418 (1969), indicating it considered proper construction of the rule important to the administration of criminal law.

Having found in that case that the district judge did not comply with Rule 11, the court held a defendant is entitled to plea anew if a United States district court accepts his plea without fully adhering to the procedures provided for in the rule. The opinion further states that Rule 11 expressly directs the district judge to inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea.

Concerning the purpose of the rule, it was said in McCarthy:

"First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expedi-

tious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." [1]

Following the McCarthy decision, it was held in United States v. Cody, 8 Cir., 438 F.2d 287, 289 (1971), where Rule 11 of the federal rules relating to acceptance of pleas of guilty by district judges was not complied with, the defendant was entitled to plead anew without showing manifest injustice.[2]

In Raines v. United States, 4 Cir., 423 F.2d 526, 530 (1970), it was said the purpose and spirit of Federal Rule 11 is diametrically opposed to the unfortunate tradition of plea bargaining, which often occurs without the knowledge of the court. Logically, the court said, the general inquiry should elicit information about plea bargaining, but it seldom has in the past.

■ It is clear in the record before us that the trial judge did not address the defendant personally and determine by such means that defendant's plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea, as required by Rule 15, W.R.Cr.P. Also, decisions of the United States Supreme Court and other federal courts have made it clear that a guilty plea in such a situation must be set aside and the defendant allowed to plead anew.

Keeping in mind that one of the reasons for strict adherence to the requirement of the rule is to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas, we consider it well to remand this case to the district court with instructions to set aside the defendant's plea of guilty and permit him to plead anew.

Remanded with instructions.

1. See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

2. See also 2 Wright, Fed.Pract. & Proc., § 539, p. 476.