Bill KNOBEL, Appellant (Defendant
below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 4841.

Supreme Court of Wyoming.

March 29, 1978.

Wyatt R. Skaggs, Natrona County Public Defender, Casper, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Allen C. Johnson, Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

GUTHRIE, Chief Justice.

Appellant seeks a reversal of an order revoking his probation and a remand to the lower court for further proceedings.

Appellant was sentenced on April 1, 1976, to a term of not less than two nor more than four years by the district court in Natrona County. The court, however, suspended the execution of this sentence and placed appellant on probation for a term of two years, subject to certain conditions.

Thereafter, and on June 15, a petition was filed by the county attorney, seeking revocation of the probation, which was thereafter denied. Another petition for revocation was then filed by the same office on March 11, 1977. The district judge found, based upon said petition, that good cause existed for the issuance of a warrant and required that a copy of the petition be served upon appellant along with such warrant. The warrant was issued and served upon appellant on April 5, and on April 13 his bond was reduced and he was released. The motion was set for hearing on May 25. Appellant moved to dismiss this proceeding on May 24, alleging that it was based upon grounds which had been held insufficient for revocation in the earlier proceeding; that no preliminary hearing had been had upon the matter as required by then § 7–331.1(a), W.S.1957, 1975 Cum.Supp. (now § 7–13–409, W.S.1977), and in further reliance upon *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; and that therefore the district court had no jurisdiction in this proceeding. The court overruled this motion, finding no violation of defendant's rights by virtue of the double jeopardy claim; that the proceeding to revoke was brought by the county attorney's office and not the Wyoming State Department of Probation and Parole; and that defendant had been provided with procedural due process. Appellant in this appeal pursues only the question of denial of due process, as phrased by his brief in this manner:

"THE APPELLANT WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF THE UNITED STATES CONSTITUTION AND THE WYOMING STATUTES FOR DENIAL OF A PRELIMINARY OR PROBABLE CAUSE HEARING PRIOR TO THE FINAL REVOCATION HEARING."

Although the *Morrissey* case involves a proceeding to revoke a parole and *Gagnon* involves the revocation of probation, as in this case, the United States Supreme Court in *Gagnon*, relying heavily upon *Morrissey*,

approved the same rules as being applicable to both such type proceedings; and no further mention of this distinction appears necessary.

It is not uncommon to project holdings or decisions of the United States Supreme Court far beyond the boundaries of the case in which such statements were made, and it is our view that appellant has engaged in this activity in his argument herein. This, however, necessitates an examination of both *Gagnon* and *Morrissey* as a preliminary to this disposal, and to determine if they dictate the result appellant contends. There is one most important factual distinction between these cases and the instant case. Both these decisions arise upon a factual background where an administrative body—and not a judicial officer or court—determined the question of the revocation of the parole or probation. This distinction is noted in many cases, including *People v. Vickers*, 105 Cal.Rptr. 305, 8 Cal.3d 451, 503 P.2d 1313, 1319, and *Petition of Meidinger*, 168 Mont. 7, 539 P.2d 1185, 1189.

There are passages in these cases which cannot be ignored in the disposal here. The court in *Gagnon* appeared to summarize that holding in this manner:

"We return to the facts of the present case. Because respondent was not afforded *either* a preliminary hearing or a final hearing the revocation of his probation did not meet the standards of due process prescribed in *Morrissey*, which we have here held applicable to probation revocations. * * *" (Emphasis supplied.)

The court in *Morrissey* definitely disclaimed any "thought to create an inflexible structure for parole revocation procedures," 92 S.Ct. at 2604, and suggested the application of only a few basic requirements, which is inconsistent with the argument that these cases or either of them make the so-called separate preliminary hearing a necessary element of due process when the revocation is a matter of judicial proceedings.

*Morrissey* and *Gagnon* do prescribe a minimal constitutional due process to which a probationer is entitled if his probation is to be properly revoked, but were directed particularly at states which require no hearings before such revocation, *Singletary v. State*, Fla.App., 290 So.2d 116, 120, certiorari dismissed 293 So.2d 361 (the Supreme Court of Florida expressly adopted the holding of this case in *State v. Griffith*, Fla., 331 So.2d 313, 315), and *State v. Myers*, 86 Wash.2d 419, 545 P.2d 538, 544. This is not the situation in the State of Wyoming, which by virtue of Rule 33(f), W.R.Cr.P., provides that probation shall not be revoked except after hearing with the presence of the defendant, and with his having notice of the grounds of such action and his release upon bond. The required hearing under said rule in itself provides an inherent sort of fairness which is not achieved through administrative procedures, *Petition of Meidinger*, supra.

The factual posture of this case negatives any lack of due process. Appellant's insistence upon the necessity of a preliminary or probable-cause hearing was not brought to the attention of the trial court until the day before the time set for the revocation hearing some one month and 20 days from the date when he received copy of the charges upon which this revocation was based and while he was out on bond during the pendency of this proceeding and had counsel. It is our view that a separate preliminary hearing was not necessary to comport with the due process requirements and that the hearing held served both purposes, *Rheuport v. State*, Iowa, 238 N.W.2d 770, 773; *Armstrong v. State*, 294 Ala. 100, 312 So.2d 620, 623; *Ware v. State*, 137 Ga.App. 673, 224 S.E.2d 873, 875; *People v. Vickers*, supra.

There are two cases with an almost identical factual framework and which are directly in point and upon which we can comfortably rest our disposal. They are *People v. Beard*, 59 Ill.2d 220, 319 N.E.2d 745, certiorari denied 421 U.S. 992, 95 S.Ct. 1999, 44 L.Ed.2d 483, and *People v. Jackson*, 63 Mich.App. 241, 234 N.W.2d 467. The Illinois case is based upon a procedure

which provides that in a judicial proceeding to determine the fact of the violation charged in a revocation petition the burden is upon the State to go forward with evidence and produce proof of violation by a preponderance. This evidence is presented in open court with the right of confrontation, cross-examination and representation by counsel, and the defendant may appeal the decision of the trial court. After examination of this procedural scheme, the court affirmed the revocation, concluding that the appellant was "afforded procedural safeguards comportable with those mandated in *Gagnon v. Scarpelli* which fully insure the interest of a probationer," 319 N.E.2d at 748. In *Jackson*, where the opinion reveals a similar procedure to both Illinois' and this state's, the appellant posed the identical question with which we are faced:

"(1) does the failure to afford a defendant a preliminary hearing on his probation violation mandate an automatic reversal[?]" 234 N.W.2d at 469.

In that case the court made this answer:
" * * * 'We deal here rather with judicial revocation of probation where procedures and processes differ and where a decision is made by the repository of "due process"—the courts.' *Moore v. Stamps*, 507 S.W.2d 939, 951 (Mo.App.1974). We hold that Michigan's judicial warrant procedure coupled with the strict due process requirements of the revocation hearing is constitutionally equal or superior to the preliminary 'minimal inquiry' hearing and final revocation hearing procedure required by *Morrissey* and *Gagnon*." 234 N.W.2d at 471.

Although this court has not adopted ABA Standards, Probation, § 5.4 (1970), reference is made thereto.

We then hold that the plaintiff was not denied due process in this case as the result of the failure to hold a separate preliminary or probable-cause hearing.

Appellant's second ground of attack in this proceeding is his insistence that § 7–13–409 is mandatory and must be applied in this case, and that the failure to comply deprived the court of jurisdiction. This contention is worthy of little discussion because the section demonstrably applies to cases wherein the probation or parole agent seeks to have the probationer retaken or reincarcerated for violation of the terms of his probation or conditional release, and has no application unless such proceedings are instituted by that department. It is in no manner applicable to this proceeding instituted by the county attorney's office. To hold this was mandatory in all cases would be to deny that the trial court had any inherent power to revoke probation granted by it, *State v. Reisch*, Wyo., 491 P.2d 1254, 1255, or that the sentencing judge had any continuing jurisdiction of a probationer. It would, if applied in that manner, give to the probation and parole department the sole power to institute or effect revocations of probation.

Affirmed.