Robert TAGEANT, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 84–15.

Supreme Court of Wyoming.

July 13, 1984.

**668**

Leonard D. Munker, State Public Defender, Wyoming Public Defender Program, and Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne; Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and Michael Chadey, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Michael K. Kelly, Student Intern, Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant Tageant appeals from the conviction of conspiracy to commit burglary and burglary. Sections 6–7–201(a)(i) and 6–1–203(a), W.S.1977. His appeal is based on the contention that the trial court made a constitutional error when it denied appellant's request for a continuance.

We will affirm.

The issues we will address are whether the trial court abused its discretion by denying appellant's request for a continuance, and whether an unreasonable delay resulted from the failure of the state to bring charges against appellant for approximately eleven months in violation of appellant's due process rights.

On September 12, 1983, appellant was tried and found guilty of burglary and conspiracy to commit burglary. The charges arose from a series of events which occurred in and around Casper, Wyoming, between August 16 to 19, 1982. An information charging appellant was filed on July 12, 1983, and a motion for speedy trial was filed by appellant on August 8, 1983.

The continuance requested by appellant was in connection with the testimony of Larry Rosencrans, and his statements to an investigator of the Grand Junction Sheriff's department, Milo Vig. Rosencrans was appellant's partner in crime throughout the burglaries charged. Rosencrans escaped during a high speed chase and eventually went to the Grand Junction Sheriff's Department to give a statement to Investigator Vig. After the statement was given, Rosencrans was arrested in connection with the burglaries and returned to Casper.

Investigator Vig made a written report of Rosencrans' statements. This report was made a part of the court file on July 14, 1983, and, therefore, was available to appellant from that date.

Appellant claims that the testimony of Rosencrans was "radically different from and inconsistent with the statements he had given to investigator Vig" and that this resulted in appellant being taken by surprise. Appellant had not prepared for the possibility that Rosencrans' testimony would vary from the earlier statements given to Vig; and therefore, Vig was not subpoenaed before trial and was not present at these proceedings. Appellant made a motion for continuance during the trial in order to subpoena Vig in Grand Junction and have him testify. Appellant claims that Vig's testimony was central to his ability to attack Rosencrans' credibility.

It is a well-known rule in Wyoming that the refusal of a request for a continuance of trial is ordinarily a matter within the sound discretion of the trial

court under the circumstances of each case. *Sims v. State*, Wyo., 530 P.2d 1176 (1975). For a continuance to be granted by the trial court due to the absence of a witness there must be a showing that the witness' testimony would be material were he allowed to testify and that the moving party used due diligence to procure the attendance of the witness. *Haight v. State*, Wyo., 654 P.2d 1232 (1982). We will not disturb the ruling of the trial court absent a clear showing of abuse resulting in manifest injustice. *United States v. Spoonhunter*, 476 F.2d 1050, 1056 (10th Cir.1973).

■ The circumstances of this case lead us to the conclusion that the trial court did not abuse its discretion. Appellant had the opportunity to cross-examine Rosencrans and to impeach him with Investigator Vig's report. We cannot determine from the record in this case what appellant could have further accomplished by having Vig testify.

Appellant argues that he was prejudiced by not being allowed to impeach Rosencrans' testimony. This is unsupported by the record. Appellant was allowed to and did attempt to impeach Rosencrans during the trial. By thoroughly preparing for trial, appellant could have and did anticipate the need to place Rosencrans' credibility in issue. Appellant's counsel cross-examined Rosencrans, pointing out the inconsistencies between his testimony and the statement given to Investigator Vig, but did not actually use the statement for impeachment. Counsel also pointed out the inconsistencies in Rosencrans' testimony. Rosencrans openly admitted that he had lied to Vig while he was on the stand during direct and cross-examination. Appellant may have been more effective in this endeavor by using Rosencrans' prior inconsistent statements for impeachment during cross-examination pursuant to Rule 613, Wyoming Rules of Evidence. See also Louisell and Mueller, Federal Evidence Rule 613, §§ 356–358 (1979). However, the opportunity to attack Rosencrans' credibility through impeachment was available to and attempted by counsel.

We are not convinced that Vig's testimony would have been material to the proceedings, nor does the record indicate that appellant used due diligence to procure Vig's attendance at trial. Vig was not subpoenaed to appear as a witness nor was a subpoena requested until the motion for continuance was requested; yet, counsel knew of the statements Vig had taken no later than July 14, 1983. No manifest injustice has been shown.

■ Appellant also claims that he was prejudiced because of the delay between the time he was alleged to have been involved in these crimes and the time he was charged and tried. The Wyoming Constitution, Art. 1, § 10, is similar to the Sixth Amendment of the United States Constitution and guarantees the accused a speedy trial. *Cherniwchan v. State*, Wyo., 594 P.2d 464 (1979). However, the right to a speedy trial under the Sixth Amendment to the United States Constitution does not exist prior to the time the information is filed. *State v. Keefe*, 17 Wyo. 227, 98 P. 122 (1908). The information was filed on July 12, 1983, and the trial was held on September 12, 1983.

■ We have identified several factors to be considered in determining whether a post-accusation delay exists: The length of delay, the reason for delay, defendant's assertion of his right to speedy trial, and prejudice to the defendant, together with any other relevant circumstances. *Estrada v. State*, Wyo., 611 P.2d 850 (1980); and *Cherniwchan v. State*, supra. The delay in this case was 62 days and the defendant did not make a request for speedy trial until August 8, 1983. Part of the reason for the delay was because of attempts to negotiate and settle the case before trial. The prejudice to appellant, if any, caused by this delay was not of a magnitude that would cause us to reverse this case.

Affirmed.