**Daniel Leroy LONGWELL aka Danny Longwell, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 84–224.**

Supreme Court of Wyoming.

Aug. 28, 1985.

---

Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, and John Randolf Kniss, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and John Renneisen, Senior Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and ROSE, BROWN, CARDINE and ROONEY, JJ.

THOMAS, Chief Justice.

Daniel Longwell, the appellant, articulates the sole issue presented to the court in this case in this way:

"Whether the trial court abused its discretion in revoking Daniel Longwell's probation?"

In the light of well established precedent in Wyoming with respect to this issue, we conclude that the trial court did not abuse its discretion in revoking probation in the circumstances of this case. We affirm the judgment of the trial court.

Daniel Longwell was convicted upon his pleas of guilty of three counts of forgery as defined in § 6-3-602(a)(ii), W.S.1977 (1983 Cum.Supp.). He was sentenced to the Wyoming State Penitentiary for a period of not less than three nor more than six years for these offenses. The trial court then suspended the execution of Longwell's sentence and placed him on probation for a period of four years. Longwell's probation was subject to certain conditions, among which were that he should consume no alcoholic beverages whatsoever during the term of his probation nor enter or remain in any establishments serving alcoholic beverages. Longwell also was required to contact his probation officer at least once a week during the term of his probation. This sentence was pronounced in open court on May 3, 1984, and formalized by a judgment and sentence entered on May 16, 1984.

On July 20, 1984, a petition for revocation of Longwell's probation was filed, and a bench warrant was issued for his arrest to be brought before the court to answer the allegations of the petition for revocation of probation. The petition to revoke Longwell's probation was premised upon his failure to report to the probation officer who had been actively searching for him and making repeated attempts to contact him during the period from late May until late July. Ultimately the probation officer sent a letter to Longwell's last known address stating that a revocation of his probation would be requested if he did not report by June 20, 1984.

The evidence at the revocation hearing was uncontroverted that Longwell never had reported to the probation officer. Longwell claimed that he did not receive the last letter until about July 1, 1984, but even then he made no effort to contact the probation officer. Longwell also asserted that he had been told he would receive copies of the judgment and sentence and the terms of probation and the receipt of those documents would initiate his obligation to contact the probation officer on a weekly basis. There also was testimony from police officers at the revocation hearing that Longwell either was drinking or appeared drunk on two separate occasions. Furthermore, when Longwell was arrested upon the bench warrant issued in response to the petition for revocation of probation, he admitted that he had been drinking and he had a blood alcohol content of .144%. These instances constituted a direct violation of one of the conditions of his probation.

In *Gronski v. State*, Wyo., 700 P.2d 777, 778 (1985), this court stated:

> "The imposition as well as the revocation of probation lies within the sound discretion of the district court, and we will not reverse the actions of the district court unless that discretion is abused."

We also there noted that it is well established that all that is required to revoke probation is the court's conscientious judgment, after hearing the facts, that a violation has occurred. To the same effect are *Minchew v. State*, Wyo., 685 P.2d 30 (1984); *State v. Reisch*, Wyo., 491 P.2d 1254 (1971); and *Ketcham v. State*, Wyo., 618 P.2d 1356 (1980); see also *Buck v. State*, Wyo., 603 P.2d 878 (1979); and *Sanchez v. State*, Wyo., 592 P.2d 1130 (1979).

In *Minchew v. State*, supra, 685 P.2d at 32–33, the definition of abuse of discretion which pertains to revocation of probation was reiterated:

> " ' "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * * " *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980). * * * ' "

The standard of proof and the rule with respect to the nature of the evidence in cases involving probation revocation appear in *Gronski v. State*, supra, 700 P.2d at 778:

> " * * * The evidence utilized by the district court in making the decision to revoke probation need not establish the violation of the conditions of probation beyond a reasonable doubt, and the usual rules of evidence need not be applied."

Our examination of the record in this case reveals no support for Longwell's position that the district court abused its discretion in this instance. There is ample evidence to support the conclusion that Longwell violated the conditions of his probation. His excuse that he thought he was to receive a copy of the judgment and sentence before his obligation to report commenced is simply that. He knew of that obligation at the time the sentence was pronounced in open court. The conditions of the probation were made known to him at that time. He did not offer any justification for the drinking episodes.

Longwell also contends, however, that an abuse of discretion can be found because the reasons underlying the revocation were subjective rather than objective. He claims that the trial court was more "miffed" at him because he had not complied with the conditions of probation than concerned with the real cause for those probation violations. The record discloses, however, that the court considered Longwell's testimony and his explanations. He had none to offer for the drinking of alcoholic beverages on the day that he was arrested.

The evidence of record amply supports a conclusion that Longwell failed to comply with the conditions of his probation. We discern nothing which would indicate that the court did not exercise conscientious judgment after hearing the evidence presented by both Longwell and the state. There was no abuse of discretion on the part of the district court in revoking Longwell's probation. Therefore, the Order Revoking Probation and the reimposition of Longwell's initial sentence must be affirmed.