Michael L. CHAPMAN,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–162.

Supreme Court of Wyoming.

Dec. 3, 1986.

Rehearing Denied Jan. 9, 1987.

Craig Kirkwood of Kirkwood, Copenhaver and Nelson, Laramie, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Terry L. Armitage, Legal Intern, Cheyenne, for appellee (plaintiff).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

This is an appeal from a revocation of probation. Appellant Michael Chapman pled guilty to delivery of a controlled substance in violation of § 35–7–1031(a)(ii), W.S.1977.[1] Appellant received a sentence of one to three years in the penitentiary, but the sentence was suspended and appellant was placed on probation for a period of three years. The district court found that appellant violated his probation and thereby revoked it.

Appellant raises the following issues:
"I. When did the probation granted to appellant begin?
"II. Did the court have jurisdiction to revoke probation in light of no violation of appellant's release agreement?"

We will affirm.

On November 18, 1985, appellant pled guilty to one count of delivery of a controlled substance (cocaine). After a presentence investigation was accomplished and reviewed by the trial court, appellant was sentenced on January 29, 1986. He was sentenced from one to three years in

---

1. Section 35–7–1031(a)(ii), W.S.1977, provides:
"(a) Except as authorized by this act [§§ 35–7–1001 to 35–7–1055], it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

* * *

"(ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime and upon conviction may be imprisoned for not more than ten (10) years, fined not more than ten thousand dollars ($10,-000.00), or both."

the penitentiary. Such sentence was then suspended and appellant placed on probation for three years subject to conditions including the following:

"i. That you not use any alcohol, or any other drug, unless prescribed by a licensed physician.

"j. That you be law-abiding at all times and that you not violate any laws, federal, state, municipal or otherwise.

"k. That a violation of any of the terms and conditions of your probation may result in your probation being revoked and you shall serve your sentence at the Wyoming State Penitentiary."

Later that same day, appellant was arrested in Laramie for stealing a pool cue from a bar. The police report noted that appellant was "visibly intoxicated" at the time of the alleged theft.

Thereafter, a hearing was held on April 16, 1986, on the state's petition to revoke appellant's probation. After the hearing the court determined that appellant had indeed violated the terms of his probation, and thereby revoked it, finding:

"1. That the defendant has waived his rights and he has knowingly, freely and voluntarily admitted acts contended by the State to be violations of the probation imposed by the Court.

"2. There is no discrepancy between the written Order of the Court and the oral Order imposed at sentencing; the written Order refers back to the oral Order of January 29, 1986.

"3. The defendant understood exactly the terms and conditions of his probation at the time he was sentenced on January 29, 1986.

"4. The defendant was on probation as of his sentencing hearing on January 29, 1986, and he violated those terms and conditions on January 29, 1986."

■ We will consider both of appellant's issues together. Appellant asks at what time did the probation begin? He argues that even though the sentencing hearing was held on January 29, 1985, and the court pronounced the conditions of probation, the written judgment and sentence was not actually filed until February 21, 1986. Furthermore, appellant argues he did not receive and sign the written probation agreement until February 21, 1986. Appellant points out that § 7–13–408, W.S. 1977, requires that a probationer receive a written statement of the conditions of the probation as well as instructions regarding the same. That is true, but the question here is not whether appellant received a copy of the probation agreement; rather, the question is when did appellant's probation begin?

Appellant uses as a major premise for his argument that the conditions of his probation were not enforceable prior to February 21, 1986, pursuant to the language of § 7–13–303(a), W.S.1977, (Cum.Supp.1986) which reads:

"The court shall determine and may, *by order duly entered,* impose in its discretion, and may at any time modify any condition or conditions or probation or suspension of trial or sentence." (Emphasis added.)

The language of this statute antedates the adoption in 1968 of the Wyoming Rules of Criminal Procedure, but the specific phrase relied upon by appellant clearly is procedural in tenor. Whether it violates the separation of powers doctrine and might be unconstitutional need not be decided. See *White v. Fisher*, Wyo., 689 P.2d 102 (1984). According to the language of Rule 56, W.R.Cr.P., certain specified statutory measures and all other laws in conflict with those rules are declared to be of no further force or effect. The particular language upon which Chapman relies in § 7–13–303(a) seems to be in sufficient conflict with Rule 33(b), W.R.Cr.P., that the statute should be considered as having been superseded. The effect, of course, is that the conditions of probation became effective upon the pronouncement by the district judge in open court, and appellant is not given a free period in which to trans-

gress those conditions without consequence.

We have previously dealt with the problems inherent when a later written judgment conflicts with a prior orally pronounced one. In *Lane v. State*, Wyo., 663 P.2d 175 (1983), we rejected the proposition that a written judgment and sentence controlled over an earlier oral pronouncement of sentence in conflict therewith. There we stated that if there is a mistake in the written judgment, a court not only has the right, but the duty to correct the judgment at any time to reflect a correct record of the oral judgment.

We dealt with a similar problem in *Longwell v. State*, Wyo., 705 P.2d 336 (1985). In that case, the defendant pled guilty to forgery and was sentenced for three to six years. This sentence was suspended and the defendant was placed on probation for a period of four years. As part of the conditions of his probation, the defendant was to abstain from alcohol and report regularly to his probation officer. This sentence was pronounced in open court on May 3, 1984, and formalized by a judgment and sentence entered on May 16, 1984. The defendant failed to report to his probation officer and consumed alcohol in violation of his probation. When the probation revocation hearing was held, the defendant claimed he had not received copies of the judgment and sentence as well as the conditions of his probation, and therefore he did not fully understand such conditions. We rejected this argument outright and upheld the revocation of probation stating:

" * * * There is ample evidence to support the conclusion that Longwell violated the conditions of his probation. His excuse that he thought he was to receive a copy of the judgment and sentence before his obligation to report commenced is simply that. He knew of that obligation at the time the sentence was pronounced in open court. The conditions of the probation were made known to him at that time. He did not offer any justification for the drinking episodes." *Id.*, at 338.

Similarly, in this case, appellant was apprised of the conditions of his probation when the sentence was pronounced in open court on January 29, 1986. The court stated:

"You are, of course, not to use any alcohol or other drug. I assume that goes without saying, but that is a part of the condition of your probation. You will sign an acceptance of this probation and agree to abide by those terms and conditions. You demean yourself while at large in a law-abiding manner, you will live a worthy and respectable life, if not for your sake, for the sake of this loyal family."

Nevertheless, later that same day appellant was arrested for stealing a pool cue from a bar and was intoxicated. This was a matter of hours after being informed that such was prohibited under the terms of his probation.

We determine that appellant's probation began once sentence was pronounced in open court.

"The rendition of a judgment is the judicial act of the court, whereas the entry of a judgment by the clerk on the records of the court is a ministerial, and not a judicial, act. Hence, the rendition of a judgment is usually distinguished from its filing or entry in the records, which should not be confused with the judgment itself. The judgment itself is not that which may be entered or recorded, but that which is considered and delivered by the court." 46 Am.Jur.2d, Judgments § 154, pp. 414–415 (1969).

"In harmony with the distinction between the rendition of a judgment and its entry, it has been adjudged that as soon as a judgment is rendered, the rights of the parties become established, and as between the litigants, it is not necessary that it be entered of record or docketed. * * * " 46 Am.Jur.2d, Judgments § 158, p. 417 (1969).

■ The imposition as well as the revocation of probation lies within the sound discretion of the trial court, and such will not be disturbed absent a clear showing of abuse of the discretion. *Longwell v. State*, supra; and *Gronski v. State*, Wyo., 700 P.2d 777 (1985).

■ We are unable to find an abuse of discretion in this case. Appellant knew of the conditions of his probation, and in a matter of hours he had violated them.

The revocation of appellant's probation is affirmed.