**Ronald William SCHMIDT,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 86-291.**

Supreme Court of Wyoming.

June 23, 1987.

Leonard D. Munker, State Public Defender, and Wyatt Skaggs, Asst. Public Defender, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Terry L. Armitage, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

The single issue in this case is whether the trial court abused its discretion in revoking appellant's probation.

We will affirm.

In February 1982, appellant Ronald William Schmidt pled guilty to forgery. He was sentenced to a term of eight to fourteen years in prison; however, the sentence was suspended and appellant was placed on probation for eight years. Appellant implies that the court offered him a choice of two to four years imprisonment or a suspended sentence and eight years probation. This deal was offered by the prosecuting attorney, not the court. Appellant opted for the probation, which was approved by the court with some reluctance because of appellant's past record.

In his brief, appellant murmurs about the option to serve time or get probation. Despite his murmuring he does not raise as an issue the option. Appellant characterizes the choice he was given as "a Hobson's choice if ever there was one." [1]

On September 10, 1986, a petition for revocation of probation was filed, charging appellant with twice being intoxicated and being in possession of firearms. The petition further stated that appellant had pled guilty to three counts of driving while under the influence of alcohol. At the commencement of the revocation hearing on September 15, 1986, counsel for appellant requested a continuance stating that he had not had sufficient time to consult with his client nor prepare for the hearing. The only specific concern explained by counsel was:

> " * * * I also want time to consult the Municipal Court records to determine the adequacy of his advisory of rights prior to the time that he has pleaded guilty. * * * "

The motion for a continuance was denied and the revocation hearing proceeded with four witnesses testifying, including appellant. Most importantly, the probation officer testified in support of the allegations contained in the petition for revocation of probation. Appellant testified in his own behalf and made certain denials, but he did not deny the drinking allegations. On cross-examination, he invoked the Fifth Amendment and declined to answer questions regarding firearms and drinking.

The trial court found that appellant had violated the terms of his probation,[2] revoked probation and reimposed the sentence that had previously been suspended.

The basic rules regarding revocation of probation, applicable here, are succinctly set out in *Longwell v. State*, Wyo., 705 P.2d 336, 338 (1985):

> "In *Gronski v. State*, Wyo., 700 P.2d 777, 778 (1985), this court stated:
>
> > " 'The imposition as well as the revocation of probation lies within the sound discretion of the district court, and we will not reverse the actions of the district court unless that discretion is abused.'
>
> "We also there noted that it is well established that all that is required to revoke probation is the court's conscientious judgment, after hearing the facts, that a violation has occurred. To the same effect are *Minchew v. State*, Wyo., 685 P.2d 30 (1984); *State v. Reisch*, Wyo., 491 P.2d 1254 (1971); and *Ketcham v. State*, Wyo., 618 P.2d 1356 (1980); see also *Buck v. State*, Wyo., 603 P.2d 878 (1979); and *Sanchez v. State*, Wyo., 592 P.2d 1130 (1979)."

This court first defined abuse of discretion pertaining to revocation of probation in *Martinez v. State*, Wyo., 611 P.2d 831, 838

---

**1.** Appellant does not understand the meaning of the term "Hobson's choice," and has corrupted a useful figure of speech. A "Hobson's choice" is not a difficult decision nor a dilemma in which the choice of either alternative is bad. A pure "Hobson's choice" is: No choice at all; a take-it-or-leave-it proposition.

See "William Safire on Language, pp. 132, 133 for a history of the term "Hobson's choice."

**2.** The order of probation dated February 18, 1982, provided:

"4. Said Defendant shall conduct himself in a lawful manner at all times by not violating any of the ordinances of the Town of Torrington, Wyoming, or of any other town, nor the laws of the State of Wyoming, or any other state, nor the laws of the United States of America.

"  *  *  *

"6. Said Defendant shall seek and complete treatment for alcoholism at a Veterans Administration treatment center or the Wyoming State Hospital; and shall not drink alcoholic or malt beverages of any kind during the term of probation specified herein."

(1980), reiterated in *Longwell v. State,* supra, and *Minchew v. State,* Wyo., 685 P.2d 30 (1984):

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.* * *"

*Longwell v. State,* supra, at 338, then states:

"The standard of proof and the rule with respect to the nature of the evidence in cases involving probation revocation appear in *Gronski v. State,* supra, 700 P.2d at 778:

" ' * * * The evidence utilized by the district court in making the decision to revoke probation need not establish the violation of the conditions of probation beyond a reasonable doubt, and the usual rules of evidence need not be applied.' "

Appellant's brief makes perfunctory reference to hearsay testimony at the hearing regarding firearms, and testimony regarding matters not charged in the petition to revoke probation. We will not address these matters because appellant has not favored us with cogent argument nor has he cited authority in support of these alleged irregularities.

Appellant further argues that the trial court abused its discretion in not granting a continuance. Appellant contends that he needed more time to consult the municipal court records. Apparently, the only concern appellant had about the court records was whether the municipal judge advised him that a plea of guilty could affect his probation granted February 12, 1982. Subsequently, he contends that Rule 9, Wyoming Rules of Criminal Procedure for Justice of the Peace Courts, mandates that the municipal judge advise an accused of the consequence of a plea of guilty. He also cites Rule 15, Wyoming Rules of Criminal Procedure, for the same proposition.

Appellant was charged in the Town of Torrington Municipal Court with seven violations of law. The city prosecutor and appellant, with the assistance of counsel, negotiated a plea bargain. Pursuant to this plea bargain, appellant pled guilty to two counts of driving while under the influence of alcohol. In exchange for this plea, four charges were dismissed and prosecution on the remaining charge deferred.

In this instance, we do not think that it makes any difference whether or not the municipal judge advised appellant how his plea of guilty could affect his probation which was granted in 1982. We will assume for the purpose of our discussion that the municipal judge did not advise appellant how his plea of guilty could affect his probation.

Rule 9, W.R.Cr.P.J.C., provides in part:

"(a) Procedure on guilty pleas.—A defendant may plead not guilty or guilty or, with the consent of the court, nolo contendere. Except as provided in Rules 22 and 24, the court may refuse to accept the plea of guilty, and shall not accept such plea without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * *"

██ We do not believe that the municipal judge's duty to advise an accused of the consequences of his plea of guilty contemplates a duty to advise what effect a plea of guilty might have on probation granted four and one-half years before, as in this case. Moreover, appellant has not cited any contrary authority. He cites *Hoggatt v. State,* Wyo., 606 P.2d 718 (1980); *Cardenas v. Meacham,* Wyo., 545 P.2d 632 (1976); and *Britain v. State,* Wyo., 497 P.2d 543 (1972), for the proposition that an accused must be informed of the consequences of his plea.

There is nothing in *Hoggatt, Cardenas* or *Britain* that remotely suggests that a judge should advise an accused of the effect that a plea of guilty might have on probation granted in the past. If a judge

were required to advise the accused concerning remote consequences of his plea of guilty, he would have to be, among other things, a prophet, psychiatrist, economist, sociologist and employment counselor.

The cases cited by appellant speak of the consequences of a plea of guilty in the case then and there before the court. Among other things, the court must inform the accused that if he pleads guilty he waives his right to a trial and his right against self-incrimination. Another consequence of a guilty plea is a possible penalty.

The court must advise the accused of the minimum and maximum penalties.

■■■ We do not believe that the trial court abused its discretion in denying a continuance; and it has not been shown that appellant was prejudiced by such denial. It is apparent from the record that appellant was aware of the conditions of the order placing him on probation in February of 1982. There was ample evidence, most of which was not denied, to justify revocation. The trial court did not abuse its discretion in revoking probation and reimposing the original sentence.

Affirmed.

URBIGKIT, J., filed a dissenting opinion in which CARDINE, J., joins.

URBIGKIT, Justice, dissenting, with whom CARDINE, Justice, joins.

The court begins its opinion by concluding that the issue here involved is the propriety of probation revocation. The court discusses in detail the wide latitude the district court possesses in those decisions, with which I have no disagreement. However, that is not the only or even the most significant issue presented. The court fails to adequately address the constitutionally important procedural issue—whether the district court abused its discretion by failing to grant appellant's counsel a continuance of the revocation hearing so that the attorney could meet his professional and constitutional duty in criminal representation. See *Haselhuhn v. State*, Wyo., 727 P.2d 280, cert. denied —— U.S. ——, 107

S.Ct. 1321, 94 L.Ed.2d 174 (1987), Urbigkit, J., dissenting.

On February 12, 1982, Appellant Schmidt pleaded guilty to forging a $10.00 check, and was sentenced to confinement in the Wyoming State Penitentiary for a term of not less than eight years nor more than 14 years. That sentence was suspended and he was placed on probation for a period of eight years, with the customary conditions of probation including abstention from the consumption of alcoholic drink and conduct in conformity with the ordinances and laws of towns, the State of Wyoming, and the United States. An eight-year sentence of "on the dry" for a confirmed alcoholic is more than a life sentence for many, and unfortunately this defendant was not the desired exception.

On September 10, 1986, Schmidt's probation officer filed a petition for revocation of probation and bench warrant. On Friday, September 12, 1986, the district court issued a bench warrant, and appellant was arrested. Wyatt Skaggs, of the State Public Defender's office, was apparently notified of the impending revocation of probation on that day, and the hearing was scheduled for the following Monday, September 15, 1986. Thus, defending counsel had only the weekend to travel to Torrington and to prepare to present his client's case to the court—only a weekend to prepare to represent an appellant who was facing action which could result in penitentiary confinement of between *eight and 14 years.*

Appellant now properly claims that the trial court, by failing to give counsel adequate time to prepare for the revocation hearing, denied due process guaranteed to him by the Fourteenth Amendment to the United States Constitution. *Mason v. State*, Wyo., 631 P.2d 1051, 1055 (1981). The utilized process also requires review under the due-process provision, Art. 1, § 6 of the Wyoming Constitution, and the right to defend guaranteed by Art. 1, § 10 of the Wyoming Constitution.

In *Mason v. State*, supra, this court relied on *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and

*Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and stated:

> "Due process requires that the defendant in revocation cases be given a two-party hearing to determine if (1) there are verified facts proving a violation of the release agreement; and (2) whether in light of a proven violation the probation should be revoked. This hearing must be preceded by a written notice of the claimed violations. Other protections that attach to this hearing include the guaranty of disclosure of the evidence against the defendant, the right to call witnesses and present documentary evidence and the right to confront and cross-examine adverse witnesses." 631 P.2d at 1055.

I agree with appellant that in order to comport with these due-process requirements, counsel should have been given time to (1) consider the possibility of calling witnesses, (2) acquire and review the documentary evidence, and (3) prepare for an adequate cross-examination of anticipated witnesses. The district court's insistence that the hearing take place on Monday, September 15, 1986, when defense counsel was notified of the hearing on Friday, September 12, 1986, is clearly a violation of appellant's right to due process of law. With due deference to the trial court, this process capsulizes the "don't bother me with the facts or your defense, the decision is irretrievably determined" adjudicatory standard. See *Pote v. State,* Wyo., 733 P.2d 1018 (1987), Urbigkit, J., dissenting.[1]

I am aware that in *Morrissey,* Chief Justice Burger, writing for the majority, stated:

> "We do not reach or decide the question whether the parolee is entitled to the assistance of retained counsel or to appointed counsel if he is indigent. [Fn. 16]
>
> "[Fn. 16] The Model Penal Code § 305.-15(1) (Proposed Official Draft 1962) provides that '[t]he institutional parole staff shall render reasonable aid to the parolee in preparation for the hearing and he

---

1. The status of due-process implementation of the *Morrissey* requirements is something less than explicitly defined in Wyoming rule and statute or, for that matter, in the case law where the conflicts between Justices Rose and Rooney were well portrayed. Lacking the specificity of Rule 32.1, F.R.Cr.P., Rule 33(f), W.R.Cr.P. only provides:

> "The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing."

Nothing is provided in the rules for revocation of parole. Case law, rule and statute apparently contemplate revocation of probation by the court in accord with retained jurisdiction, and revocation of parole by the state board of probation and parole in accord with § 7–13–409, W.S. 1977. That statute involves both parole and probation, but in *Knobel v. State,* Wyo., 576 P.2d 941 (1978) this court denied application to judicial revocation, and then in *Weisser v. State,* Wyo., 600 P.2d 1320, 1323–1324 (1979), Justice Rose stated in applying the statute:

> While there is dicta in *Knobel* to the effect that the statute is applicable only where the agency or its representative initiates the proceeding, a completion of that thought would be that it can be applicable only where the agency initiates *and* conducts the final revocation proceeding.
>
> "It would be too tenuous and gossamer a distinction for this court to make—a web too finely spun—were we to hold that § 7–13–409 is not applicable where the county attorney files the revocation petition with the court but does apply when the petition is filed with the court by a probation officer."

Conversely, in discussing *Morrissey* and *Gagnon,* this court had earlier stated in *Knobel v. State,* supra, 576 P.2d at 942, that by virtue of Rule 33(f):

> " * * * probation shall not be revoked except after hearing with the presence of the defendant, and with his having notice of the grounds of such action and his release upon bond. The required hearing under said rule in itself provides an inherent sort of fairness which is not achieved through administrative procedures * * *."

The cases also exhibit something less than clarity in differentiating parole and probation. See definitions, § 7–13–401, Ch. 157, S.L. of Wyoming 1987:

> "(vii) 'Parole' means permission to leave the confines of the institution in which a person is confined under specified conditions, but does not operate as a discharge of the person;
>
> * * * * * *
>
> "(x) 'Probation' means a sentence not involving confinement which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if he violates the conditions."

shall be permitted to advise with his own legal counsel.'" 408 U.S. at 489, 92 S.Ct. at 2604.

None of the cases wherein the *Morrissey* principle has since been discussed by the United States Supreme Court has directly considered this reserved inquiry. However, the subject has been clearly determined in Wyoming by § 7–1–110(a)(i) and (c)(i), W.S.1977 which affords a right to counsel, and specifically extend that right to revocation of probation or parole proceedings. Restated by Ch. 157, S.L. of Wyoming 1987, these subsections now re-numbered read:

§ 7–13–408(c)(i):

"(c) With respect to any hearing pursuant to this section, the probationer, parolee or conditional releasee:

"(i) Shall have reasonable notice in writing of the nature and content of the allegations to be made including notice that the purpose of the hearing is to determine whether there is probable cause to believe that he has committed a violation that may lead to a revocation of probation, parole or conditional release; * * *"

§ 7–6–104(c)(i):

"(c) A needy person who is entitled to be represented by an attorney under subsection (a) of this section is entitled:

"(i) To be counseled and defended at all stages of the matter beginning with the earliest time when a person providing his own counsel would be entitled to be represented by an attorney and including revocation of probation or parole; * * *"

The constitutional understanding of the Wyoming legislature in providing a right to counsel at either parole or probation revocation is implicit in Art. 1, § 6 and Art. 1, § 10 of the Wyoming Constitution. These constitutional guarantees, applied in consonance with *Morrissey* and the due-process clause of the Fourteenth Amendment to the United States Constitution, confirm the Wyoming constitutional right to counsel at probation revocation proceedings.

Furthermore, the district court violated appellant's right to the *effective* represen-

tation of counsel. The probation revocation statute specifically provides that the probationer "[s]hall be permitted to consult with any persons whose assistance he reasonably desires, prior to the hearing * *." Section 7–13–409(c)(iii), W.S.1977. This right does not attach in a vacuum.

In order to properly protect appellant's right to representation, appellant is entitled to reasonably effective assistance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In *Strickland,* the United States Supreme Court held that

"* * * [G]overnment violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense." 466 U.S. at 686, 104 S.Ct. at 2063.

The *Strickland* court also stated that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691, 104 S.Ct. at 2066. In other words, "Rome was not built in a day." I would now similarly add, "Adequate preparation cannot be completed over a weekend," nor should any attorney, no matter how dedicated, be requested to make that likely fruitless effort.

Mr. Skaggs was given the weekend to prepare his case, during which time, as an example, he had no access to the municipal court records he believed were material to his client's position. Recognizing the problem, he initially moved the district court for leave to withdraw as counsel on the basis that he could not effectively represent appellant because the refusal to grant a continuance precluded him from making a realistic investigation pursuant to his duty. The district court denied the motion, stating:

"I don't believe that you are ineffective counsel because I don't know that counsel can do an awful lot from what I have heard of the abstract, so the motion is denied."

We should not ignore the distinction between the obligation of counsel—to be an advocate, as compared to the evenhanded

adjudicatory responsibility of the trial judge. If all trial judges knew everything, we would not need any advocacy participation. This subject of the relationship of continuances to trial requirements of due process and counseled defense concerns was more exhaustively considered in my earlier dissent in *Haselhuhn v. State*, supra, to which those warning comments now even more pertinently apply. For an excellent perspective on pressured disposition to resolve cases, see Sarokin, *Justice Rushed is Justice Ruined*, 38 Rutgers L.Rev. 431 (1986).

I am not unaware of the precedent of this court that the trial court is accorded discretion when addressed by a motion for a continuance. *Chapman v. State*, Wyo., 728 P.2d 631 (1986); *Tageant v. State*, Wyo., 683 P.2d 667 (1984); *James v. State*, 27 Wyo. 378, 196 P. 1045, 19 Wyo. 493, (1921); *Hollywood v. State*, 19 Wyo. 493, 120 P. 471, reh. denied 19 Wyo. 493, 122 P. 588 (1911). However, the exercise of discretion in a criminal case cannot eclipse constitutional rights assured by due-process requirements to be achieved by the effective assistance of counsel. Writing for the court in *Martin v. State*, Wyo., 720 P.2d 894, 897 (1986), Justice Brown succinctly rephrased the definition of discretion:

> "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously."

This clear and validated standard of discretion is not achieved in this case by the denial of counseled hearing. I would further add, under *Martin*, that when a trial court ignores a constitutional right it has not exercised its discretion since it lacks that authority to so act. In that circumstance there is an error of law.

> "While it is true that a denial of a motion for continuance rests in the sound discretion of the court, and the defendant has the burden of showing an abuse of that discretion [citation], it is also true that the defendant has a fundamental, consti-

tutional right to due process of the law. * * * The due process right carries with it the right to a reasonable amount of time to prepare a defense, * * * ' * * * coupled with the right to compulsory process for the attendance of necessary witnesses.' *State v. Webb*, 67 N.M. 293, 297, 354 P.2d 1112, 1114 (1960), cert. denied, 365 U.S. 804, 81 S.Ct. 470, 5 L.Ed.2d 461 (1961). To deny those rights is more than an abuse of the trial court's discretion; it is a denial of due process. [Citation.]

\*       \*       \*       \*       \*       \*

"The State urges us to accept the argument that defendant was not prejudiced by the court's rulings. Denial of a likely defense cannot be anything other than prejudicial. A basic tenet of American jurisprudence is that a defendant is entitled to a fair trial with the right to appear and defend himself. * * * Moreover, the prejudice which must be raised in a case such as this is minimal. 'No more prejudice need be shown than that the trial court's order may have made a potential avenue of defense unavailable to the defendant.' *State v. Orona*, 92 N.M. 450, 452, 589 P.2d 1041, 1043 (1979). \* \* \*

"In deciding whether denial of a continuance violates due process, an appellate court looks to the circumstances of each case as those circumstances appear from the reasons presented to the trial judge at the time the request was made and denied. [Citation.] Failure to grant a continuance here to allow the defendant a reasonable time to prepare and present a defense * * * invaded defendant's constitutional rights to due process and a fair trial." *March v. State*, N.M., 734 P.2d 231, 233–234 (1987).

In reviewing the facts of this case and the circumstances with which counsel was faced, and in consideration of the exposure existent for penitentiary confinement of the defendant, any conclusion that justified exercise of discretion countenances denial of the continuance request is unsupportable in logic or just plain hard, cold facts of

the real world of attorney responsibility. See Kamisar, *Betts v. Brady Twenty Years Later: The Right to Counsel and Due Process Values,* 61 Mich.L.Rev. 282 (1962).

Again, language employed by the United States Supreme Court in *Strickland* is helpful:

"* * * Actual or *constructive* denial of the assistance of counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance." (Emphasis added). 466 U.S. at 692, 104 S.Ct. at 2067.

The district court's refusal to grant the motion of the public defender to withdraw was clearly a recognition of determined denial of the assistance of counsel in absolute terms. In effect, the district judge said to appellant: "You don't need a lawyer to represent you because from what I know about your case, no lawyer could help you." Is this due process? I emphatically answer, "NO!" The denial of assistance could hardly be more clear, and the Wyoming Constitution determines that this failure to uphold that basic right is presumed to be prejudicial. See also *Morrissey v. Brewer,* supra, and *Strickland v. Washington,* supra. As Chief Justice Warren observed after first defining the right to counsel:

"By denying petitioner any opportunity whatever to obtain counsel on the habitual criminal accusation, the trial court deprived him of due process of law as guaranteed by the Fourteenth Amendment." *Chandler v. Fretag,* 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954).

As Justice Black said in *Avery v. State,* 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940):

"But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel."

Appellee, in its brief, utterly fails to address appellant's due-process arguments based on the district court's failure to postpone the hearing and the denial of counsel's motion to withdraw. The majority opinion glosses over those arguments, concluding only that appellant was not prejudiced by the denial of the continuance. The court seems to justify its perfunctory affirmance despite the procedural deficiencies in this case by observing that the correct result was obtained. But if the result was correct, then there is no reason to suspect that a procedurally sufficient hearing would produce a different result. I cannot agree that what this court perceives to be a correct result should affect its determination of procedural sufficiency under the Constitution. As we view the perspective of our legal history from English and Colonial precedent, it must never be forgotten that the thin line between free men and arbitrary repression is only the effectuated institution by which we are all protected and governed, and in which we take special interest in this bicentennial year, as the Constitution of the United States and of this, the sovereign state of Wyoming.

Irrespective of the majority's perception of the substantive issues in this case, appellant was denied his constitutionally required procedural rights. In effect, the majority say to this appellant, "It doesn't make any difference whether or not your procedural rights were violated because the district court was justified in revoking probation anyway." That course ignores the issue presented. This court is charged with upholding constitutional procedural safeguards. The entire history of constitutional jurisprudence in Wyoming and in the federal courts mandates that protecting rights guaranteed by those constitutions is paramount to the results obtained in a single case.

The district court's refusal to grant the continuance and its denial of counsel's motion to withdraw was more than a disservice to appellant's counsel. It was a flagrant violation of appellant's due-process right to effective assistance of counsel, and the realistic right to resist probation revocation. Without any authentic right to re-

sist, appellant's probation was revoked and this chronic alcoholic was sentenced to the penitentiary for an extended term for what originally began with a $10.00 check forgery.

I have no reason to question that in 1982 as well as 1986 appellant was an alcoholic with all the characteristics implicit in that medical condition. If this behavioral status, without much more and without effective right to counseled defense, can serve to justify penitentiary confinement to this extent, it may be that neither Carbon County (men's penitentiary) nor Niobrara County (women's penitentiary), with their many thousands of square miles, can be large enough to accommodate our societal capacity to provide those presumptively justified with incarceration.

I would conclude that the district court's refusal to grant a continuance of the hearing violated appellant's due-process rights under *Gagnon v. Scarpelli*, supra, and *Mason v. State*, supra. I would also conclude that the district court's denial of counsel's motion to withdraw violated appellant's rights under § 7–13–409, W.S.1977, and the constitutional requirements of *Strickland v. Washington*, supra. This case should be remanded to the trial court to hold a hearing which comports with constitutional due-process requirements.

I dissent, and maintain that legal representation is denied if adequate opportunity to prepare and present a defense is foreclosed.